[No. 23626–1–I.   Division One.   December 3, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM F. SOSA, *Appellant.*

*Eric Broman* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Kerry Keefe, Deputy,* for respondent.

WEBSTER, J.—William F. Sosa appeals his conviction of possession with intent to manufacture or deliver heroin. He claims that admitting a lab report into evidence under the CrR 6.13(b) hearsay exception without giving him a chance to confront the lab expert violated the confrontation clause. Specifically he alleges that: (1) the lab report was per se unconstitutional; (2) the report fails to meet the confrontation clause test as a CrR 6.13(b) hearsay exception; (3) his counsel's failure to subpoena the lab expert under CrR 6.13(b) was a waiver of his constitutional confrontation right and denied him effective assistance of counsel.

FACTS

In April 1988, Sosa was observed by two Seattle Police Officers exchanging money for small packages "consistent with" cocaine or heroin. After observing several of these transactions over a period of approximately 15 minutes, the officers arrested and searched Sosa. The officers discovered 13 small packages of a black substance suspected as heroin. Two of the thirteen packages were subsequently analyzed by the crime lab. Both contained heroin.

On the day of trial, the prosecutor informed the court that the lab expert who had prepared the report was ill and therefore unable to testify. The prosecutor then moved to admit the lab report under CrR 6.13(b). The court, satisfied that the report met the CrR 6.13(b) requirements for admissibility, allowed it into evidence.

## The Hearsay Contained in the Lab Report Is Not Per Se Unconstitutional

Sosa claims that under *Coy v. Iowa,* 487 U.S. 1012, 101 L. Ed. 2d 857, 108 S. Ct. 2798 (1988), all criminal defendants have the constitutional right to confront adverse witnesses face–to–face at trial, and that exceptions are allowed only when necessary to further an important public policy. *Coy,* at 1021. He contends that admitting the out–of–court statement contained in the lab report denies him this right.

The proposition that *Coy* established a per se rule in regards to all hearsay is incorrect and misleading. The Court in *Coy* referred to the *literal* right of the confrontation clause "to *meet face to face* all those who *appear and give evidence at trial.*" (Some italics ours.) *Coy,* at 1021 (involving a statute permitting a screen to be erected between the defendant and a child sex–abuse witness testifying at trial). The Court, however, distinguished the *literal* right of face–to–face confrontation with a witness at trial, from the implied right to exclude out–of–court statements. *Coy,* at 1020. The Court went on to state that it would only make exceptions to the *literal* right if necessary to further an important public policy, but that it does recognize exceptions to the *implied* rights dealing with out–of–court hearsay.[1] *Coy,* at 1021. As stated in a recent Washington

---

[1]This distinction was reinforced in two recent United States Supreme Court cases. The first case, *Idaho v. Wright,* __ U.S. __, 111 L. Ed. 2d 638, 110 S. Ct. 3139 (1990), involved an out–of–court hearsay statement made by a child sex–abuse victim, and testified to by her psychologist. Since the case involved an *out–of–court* hearsay statement, the court applied the 2–part confrontation clause test of *Ohio v. Roberts,* 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980). The companion case, *Maryland v. Craig,* __ U.S. __, 111 L. Ed. 2d 666, 110 S. Ct. 3157 (1990), involved the *in–court* testimony of a child sex–abuse victim (the child's testimony was videotaped with only the attorneys and the judge present). Since the case involved in–court testimony, the court stated that although the right to face–to–face confrontation with a witness at trial was not absolute, it will only yield when "necessary to further an important public policy'". *Craig,* 110 S. Ct. at 3163 (quoting *Coy,* 487 U.S. at 1021).

As the State points out, *Coy* (and *Craig*) involved face–to–face confrontation with a witness at trial, not hearsay statements. *Wright,* on the other hand, involved out–of–court hearsay statements and applied the *Roberts* test.

case, "*Coy* did not disturb the admissibility of . . . out–of–court statements that are firmly rooted exceptions to the hearsay rule". *State v. Wood,* 57 Wn. App. 792, 797, 790 P.2d 220, *review denied,* 115 Wn.2d 1015 (1990).

Citing *Coy* for the proposition that the out–of–court lab report was per se inadmissible fails to recognize the Supreme Court's distinction between testimony by a witness at trial (in which case the right to confront the witness will yield only when necessary to further an important public policy) and out–of–court hearsay statements (which are constitutional if they meet the confrontation clause test of *Ohio v. Roberts,* 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980)). Here the evidence offered is the out–of–court documentary hearsay statement contained in the lab report. *Roberts* remains the confrontation clause test for out–of–court hearsay statements. Therefore, *Coy* is not on point, and Sosa's claim must fail.

### The Lab Report as a CrR 6.13(b) Hearsay Exception Did Not Violate Sosa's Confrontation Rights

CrR 6.13 is a procedural rule establishing a "documentary" exception to the hearsay rule. The rule provides a method by which a lab report can be self–authenticated by the author. So long as the form and notice requirements of the rule are complied with, the court may allow admission of the report without expert testimony or a foundation witness. The requirements of CrR 6.13(b) are: (1) the lab report must be certified under penalty of perjury by the person preparing the report; and (2) the State must give a copy of the report to the defendant at least 15 days prior to trial. If the defendant serves a written demand upon the prosecutor 7 days prior to trial to produce the expert witness, the court cannot admit the evidence under the rule. In this case, all of the requirements of CrR 6.13(b) were complied with. The report contained the proper certification, a copy was given to defense counsel 15 days before trial, and

the defense did not demand the production of the expert 7 days prior to trial.

Even though evidence may be properly admissible as an exception to the hearsay rule, the United States Supreme Court has stated that it may nevertheless be excluded if it does not adhere to the constitutional standards of the confrontation clause. *Idaho v. Wright,* ___ U.S. ___, 111 L. Ed. 2d 638, 651, 109 S. Ct. 3139 (1990). In *Ohio v. Roberts* the Supreme Court set up a 2–part test for determining when hearsay statements violate the confrontation clause. First, the Court requires that the prosecution either produce the out–of–court declarant or demonstrate the declarant's unavailability. *Roberts,* at 66. Second, the statement must bear adequate indicia of reliability and must be excluded absent a showing of "particularized guarantees of trustworthiness." *Roberts,* at 66.

A. Unavailability.

In *Roberts,* the Supreme Court stated that although the confrontation clause *normally* requires that the declarant be unavailable, "[a] demonstration of unavailability . . . is not always required." *Roberts,* at 65 n.7.[2] The Washington courts have held that under Washington's business records statute, there is "no requirement that the person who prepared the record be shown to be unavailable before the record can be admitted." *State v. Kreck,* 86 Wn.2d 112, 119, 542 P.2d 782 (1975). The court in *Kreck* reasoned that the persons involved in the "routine activity" which gives rise to the document's admissibility are "unlikely to recall the details of the transaction or event in question." *Kreck,*

---

[2]The Washington Supreme Court has stated that *United States v. Inadi,* 475 U.S. 387, 89 L. Ed. 2d 390, 106 S. Ct. 1121 (1986) has "sharply limited the accepted pervasiveness of the . . . unavailability factor." *State v. Hieb,* 107 Wn.2d 97, 107, 727 P.2d 239 (1986). In *Inadi,* the lower court had interpreted *Roberts* as standing for the proposition that no out–of–court statement is admissible without establishing unavailability of the declarant. The Supreme Court overruled, holding that unavailability did not apply to admissions by a nontestifying coconspirator.

at 120.[3] Consequently, cross examination is of little value in insuring the reliability of the document.

The same reasoning applies to CrR 6.13(b). The lab experts who prepare documents under the rule are unlikely to recall the details of a routine report completed weeks prior to trial. For documentary evidence such as business, public, or CrR 6.13 records, which are routinely produced on a daily basis, cross examination would serve little or no purpose. Therefore, unavailability of the lab expert is not required to satisfy the confrontation clause test under *Roberts.*

B. Reliability.

Under *Roberts,* the lab report must bear adequate "indicia of reliability." Such indicia may be shown either: (1) by falling within a firmly rooted hearsay exception, or (2) by a showing of particularized guaranties of trustworthiness. *Roberts,* at 66. Since CrR 6.13(b) does not constitute a firmly rooted hearsay exception, it must be shown that the lab report contains "particularized guaranties of trustworthiness."

The United States Supreme Court has stated that particularized guaranties of trustworthiness must be shown from the "totality of the circumstances . . . that surround the making of the statement and that render the declarant particularly worthy of belief." *Wright,* 110 S. Ct. at 3148. The evidence must be at least as reliable as evidence admitted under a firmly rooted hearsay exception, making it "so trustworthy that adversarial testing would add little to [its] reliability." *Wright,* 110 S. Ct. at 3149.

The certified copy of the lab report, in conformity with CrR 6.13(b) and identified by the State's witness, is reliable evidence under *Roberts.* First, the lab expert is particularly

---

[3]Even though *Kreck* preceded *Roberts,* the decision is still binding precedent. Contrary to Sosa's argument that reliability is a prerequisite to admission, "*Roberts* did not [after *Kreck*] establish a rule that unavailability must be shown in each instance for hearsay to be admissible." *State v. Monson,* 113 Wn.2d 833, 842, 784 P.2d 485 (1989). Consequently, under *Kreck,* as reaffirmed in *Monson,* unavailability need not be shown.

worthy of belief. Such experts are skilled professionals, many with Ph.D.'s in chemistry and experienced in performing such tests. Lab reports in general are routine examinations in which the persons conducting the analysis have no motive to falsify the report. They do not meet the arresting officers or have a chance to meet the suspect. Second, CrR 6.13(b) is at least as reliable as a "firmly rooted" hearsay exception. The rule parallels the firmly rooted business record exception contained in RCW 5.45.020.[4] The difference is that the foundation requirements of the business record exception are replaced in CrR 6.13(b) by a self–authenticating certification. Third, adversarial testing or cross examination would add little if no reliability to the report. The self–authenticating certification of CrR 6.13(b) provides the same perjury penalties that would be relevant in an adversarial setting.

Viewing the totality of the circumstances surrounding the report, the lab expert is particularly worthy of belief. Therefore, under CrR 6.13(b), the lab report meets the confrontation clause test of *Roberts* and is constitutional.

### SOSA'S COUNSEL'S FAILURE TO DEMAND PRODUCTION OF THE LAB EXPERT UNDER CrR 6.13(b) DID NOT CONSTITUTE A WAIVER OF HIS CONSTITUTIONAL RIGHT OF CONFRONTATION

The defendant failed to serve a written demand upon the prosecutor to produce the expert at trial 7 days prior to trial as required by CrR 6.13(b)(3). Even so, Sosa states that for defendants to preserve their confrontation rights, they must request the presence of the expert, and that failure to do so is equivalent to the waiver of a constitutional right.

---

[4]RCW 5.45.020 provides: "**Business records as evidence.** A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

Sosa's argument, that his counsel's failure to subpoena the lab expert was an ineffective waiver of his constitutional right since it was not knowing, intelligent and voluntary, is without merit. His failure to request the expert within the time limits of the rule allowed the lab report to be admitted as a constitutional *exception* to the hearsay rule. Since admitting the lab report under the rule was constitutional under *Roberts,* Sosa was waiving a right under the rule, not the constitution.

### Sosa Was Not Denied Effective Assistance of Counsel

In *Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, *reh'g denied,* 467 U.S. 1267 (1984), the Supreme Court set forth a 2–prong test for determining ineffective assistance of counsel. First, the defendant must establish that counsel's performance was deficient. *Strickland,* at 687; *State v. Bradbury,* 38 Wn. App. 367, 370, 685 P.2d 623, *review denied,* 103 Wn.2d 1006 (1984). Second, the defendant must show that the deficient performance actually prejudiced the defense. *Strickland,* at 687; *Bradbury,* at 370; *State v. Standifer,* 48 Wn. App. 121, 737 P.2d 1308 (1987), *review denied,* 108 Wn.2d 1035 (1987). Sosa claims that since his counsel failed to request the expert witnesses in conformity with CrR 6.13(b), his counsel's performance was deficient and he was prejudiced.

Here, neither prong of *Strickland* has been violated. Under the first prong, the proper measure of attorney performance is reasonableness under prevailing professional norms. *Strickland,* at 687–88. Here, the expert had already been subpoenaed by the State. Even if Sosa had demanded production of the expert, the expert would still have been absent due to illness on the day of trial, regardless of who had subpoenaed him. The defense counsel's failure to demand the expert was not unreasonable under prevailing professional norms.

Neither has Sosa shown that he was prejudiced under the second prong. To show prejudice, the defendant

must show that "there is a 'reasonable probability' that, but for counsel's deficient performance, the outcome of the proceeding would have been different." *Standifer,* at 126 (citing *Kimmelman v. Morrison,* 477 U.S. 365, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986)). Sosa never claimed the results of the analyses were deficient or that the evidence was anything other than what it was purported to be. Neither was an attempt made to have the substance reanalyzed. Sosa has not established that the expert's presence would have affected the outcome of the trial.

### CONCLUSION

We hold that: (1) the lab report was not per se unconstitutional; (2) the lab report, as a CrR 6.13(b) hearsay exception, meets the confrontation clause test of *Roberts*; (3) Sosa did not waive a constitutional right but rather a right under CrR 6.13(b); and (4) Sosa was not denied effective assistance of counsel.

The judgment is affirmed.

FORREST, J., concurs.
SCHOLFIELD, J., concurs in the result.