[No. 14487-9-III.  Division Three.  May 20, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. CONNIE J.C., *Appellant.*

*Michael J. Platts,* for appellant.

*Gary A. Riesen, Prosecuting Attorney,* for respondent.

SWEENEY, C.J. — The Sixth Amendment to the United States Constitution affords any criminal defendant the right "to be confronted with the witnesses against him." The Washington State Constitution guarantees "the accused" the right "to meet the witnesses against him face to face . . . ." CONST. art. I, § 22 (amend. 10). In this child molestation case, the State introduced evidence against Connie C. through her husband's written confession. There is no showing that Mr. C. was unavailable to testify at trial. The question presented is whether Mrs. C. was denied her right to confrontation and, if so, whether the

denial was harmless error. We conclude that she was denied her right to confrontation and that the denial was not harmless. We accordingly reverse her conviction and remand for retrial.

## FACTS

The C. family moved to Wenatchee from Moses Lake in 1988. The youngest daughter, J.D., was admitted to Pine Crest Hospital for psychiatric evaluation on May 20, 1994. She disclosed to the Pine Crest staff that she had been sexually abused by her father. Pine Crest reported this information to Child Protective Services, which notified Wenatchee law enforcement. The next day, Mr. C. talked to a Wenatchee detective. Mr. C. admitted molesting each of his daughters, S.J., J.L. and J.D., regularly and frequently from the age of two to the present. The detective prepared a written statement including Mr. C.'s admissions, which Mr. C. read and signed. The State then charged him with 23 counts of rape, incest, and child molestation. He pleaded guilty on all counts. His written statement provided the factual basis for the plea.

The detective interviewed S.J. and J.L. Based on what they told him, Mrs. C. was charged as an accomplice to Mr. C. The State's position was that Mrs. C. had general or specific knowledge of Mr. C.'s sexual abuse of J.L., S.J., and J.D. And she facilitated his crimes by providing the family home. She pleaded not guilty. At her trial, Mr. C.'s statement on plea of guilty, including his written statement, was admitted into evidence and read three times. There was no showing that Mr. C. was not available to testify.

The jury found Mrs. C. guilty on all 23 counts. The court imposed an exceptional sentence of 560 months. She appeals.

## DISCUSSION

Confrontation Clause. Mrs. C. did not challenge the

admission of Mr. C.'s statement as a denial of her right to confrontation in the trial court. Because the issue is of constitutional magnitude, we consider the assignment of error. *State v. Scott*, 110 Wn.2d 682, 688, 757 P.2d 492 (1988).

■ The right to confront witnesses is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 22 of the Washington State Constitution. *State v. Johnson*, 61 Wn. App. 539, 549, 811 P.2d 687 (1991). Hearsay implicating a criminal defendant is admissible only if the declarant is unavailable and the statement bears adequate indicia of reliability. *See Ohio v. Roberts*, 448 U.S. 56, 66, 100 S. Ct. 2531, 65 L. Ed. 2d 597 (1980); *State v. Whelchel*, 115 Wn.2d 708, 715, 801 P.2d 948 (1990).

■■ The State argues that Mr. C.'s confession was properly admitted under RCW 5.44.040 as a certified public record. The statute permits admission of "[c]opies of all records and documents . . . on file" in this state when certified by "respective officers having by law the custody thereof . . . ." RCW 5.44.040. The State relies on *State v. Monson*, 113 Wn.2d 833, 784 P.2d 485 (1989) for the proposition that public records do not require a showing of unavailability. We disagree with the State's assumption that a confession is a public record.

To be an admissible public record under the statute,

a report or document prepared by a public official must contain facts and not conclusions involving the exercise of judgment or discretion or the expression of opinion. The subject matter must relate to facts which are of a public nature, it must be retained for the benefit of the public and there must be express statutory authority to compile the report.

*Steel v. Johnson*, 9 Wn.2d 347, 358, 115 P.2d 145 (1941). Driving records have been held admissible under the statute since they are "a classic example of a public record kept pursuant to statute, for the benefit of the public and

available for public inspection." *State v. Monson*, 53 Wn. App. 854, 858, 771 P.2d 359, *aff'd*, 113 Wn.2d 833, 784 P.2d 485 (1989); *see generally Steel*, 9 Wn.2d at 358 (report made for internal department use not public record); *State v. Bolen*, 142 Wash. 653, 663, 254 P. 445 (1927) (fingerprint records of war department properly admitted as public record); *State v. Malone*, 9 Wn. App. 122, 130, 511 P.2d 67 (abstract of driving record properly admitted as public record), *review denied*, 82 Wn.2d 1011 (1973). The confession of Mrs. C.'s husband does not relate facts which are of a public nature or retained for public benefit.

*Monson* never reached the question of whether a plea of guilty by a codefendant was a "public document" for the purposes of RCW 5.44.040. *See Monson*, 113 Wn.2d at 839 (recognizing that whether the document in that instance was a "public record" was not raised).

The reasons underlying the admission of public documents supports exclusion of the confession here. Public records and documents are routine daily products of government and business. Because of that, cross-examination serves little or no purpose. *State v. Sosa*, 59 Wn. App. 678, 684, 800 P.2d 839 (1990). Custodians or those who generate the record rarely "recall the details of the transaction or event in question." *State v. Kreck*, 86 Wn.2d 112, 120, 542 P.2d 782 (1975). And, the "mere fact that they are kept as they are is *prima facie* proof of their genuineness." *Bolen*, 142 Wash. at 663. The same reasoning does not apply to the confession of a criminal defendant.

We do not reach the question of reliability because there is no showing that Mr. C. is unavailable. We note, however, that Mr. C. suffers from bipolar disorder. That disorder might well raise concerns about the trustworthiness of his confession. And Mrs. C. should have had the right to explore those concerns through cross-examination.

■ Harmless Error. The next question is whether admission of the confession was harmless. "[C]onstitutional error [is] harmless if we are convinced beyond a reasonable doubt that any reasonable jury would have reached

the same result without the error." *State v. Rice*, 120 Wn.2d 549, 569, 844 P.2d 416 (1993). We are not so convinced.

At trial, the children's testimony was fragmented. And their testimony did not identify Mr. C.'s 23 acts. While the victims all testified that Mrs. C. participated in and knew of the acts in Wenatchee, they could not chronicle the 23 separate acts supporting Mrs. C.'s charges. Her husband's confession was the only evidence establishing the 23 different offenses. As the State pointed out in closing arguments, the confession "is, in essence [the jury's] road map for every single one of these counts [against Mrs. C.]." Under the circumstances, we cannot say, beyond a reasonable doubt, that Mrs. C. would have been convicted of the crimes charged without the confession.

We reverse and remand for a new trial.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

SCHULTHEIS and BROWN, JJ., concur.