[No. 14665-1-III.  Division Three.  July 24, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. GAIL M. HINES, *Appellant.*

*Jeffrey C. Barker* and *Barker & Howard,* for appellant.
*Gary A. Riesen, Prosecuting Attorney,* for respondent.

SWEENEY, C.J. — In this custodial interference case, the trial court admitted, over objection, a copy of a Montana Highway Patrol Incident Report and a "Jail Manager Personal Data" report. The trial court admitted both documents under the public records exception to the hearsay rule. RCW 5.44.040 (certified copies of public records as evidence). Gail M. Hines appeals her conviction, claiming she was denied her Sixth Amendment right to confrontation. We conclude that admission of the highway patrol incident report was error, but harmless. And the court did not err in admitting the jail data report. We affirm the conviction.

## FACTS

Ms. Hines is Krystalyn Sauer's mother. George R. Sauer is Krystalyn's father. Krystalyn was born on April 13, 1990. Ms. Hines and Mr. Sauer are not married. Mr. Sauer has acknowledged paternity. The parties agreed to a pa-

renting plan: Ms. Hines initially had primary custody and Mr. Sauer visitation rights.

In May of 1992, Ms. Hines accused Mr. Sauer and Mr. Sauer's mother of sexually abusing Krystalyn. After the accusations, she limited his visitation. As a result, the court found her in contempt and issued a warrant for her arrest. In February 1993, she absconded with the child. Mr. Sauer sought help from the sheriff's office. A federal arrest warrant was issued for Ms. Hines' arrest.

In September 1994, a Montana State patrolman stopped Ms. Hines for a traffic violation. She was arrested on the outstanding warrant. The sheriff's office in Montana faxed a Montana Highway Patrol Incident Report and a Jail Manager Personal Data report to the sheriff of Chelan County. The trial judge admitted both documents during Ms. Hines' jury trial. The jury convicted her of first degree custodial interference.[1] She appeals.

## DISCUSSION

Admission of Official Records. The trial judge relied on RCW 5.44.040 in admitting both documents. That statute provides that "[c]opies of all records and documents on record or on file in the offices of . . . any other state . . . when duly certified by the respective officers having by law the custody thereof, under their respective seals where such officers have official seals, shall be admitted in evidence in the courts of this state." RCW 5.44.040. The business records exception to the hearsay rule also authorizes the admission of otherwise inadmissible records provided they are made and kept in the ordinary course of business. RCW 5.45.020 (business records as evidence).

---

[1]RCW 9A.40.060(2) provides:

"A parent of a child is guilty of custodial interference in the first degree if the parent takes, entices, retains, detains, or conceals the child, with the intent to deny access, from the other parent having the lawful right to time with the child pursuant to a court-ordered parenting plan, and:

"(a) Intends to hold the child permanently or for a protracted period; or

"(b) Exposes the child to a substantial risk or illness or physical injury; or

"(c) Causes the child to be removed from the state of usual residence."

■ The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution both give the defendant a right to confront those witnesses providing evidence against him or her. Hearsay evidence tending to implicate the defendant is admissible if, but only if, "the declarant is unavailable and the statement bears adequate indicia of reliability or particularized guaranties of trustworthiness." *State v. Whelchel*, 115 Wn.2d 708, 715, 801 P.2d 948 (1990).

■ A number of reasons underlie the business or public records exception to the hearsay rule. Many public and business records and documents are the products of daily, routine government and business transactions. Cross-examination, therefore, serves little or no purpose. *State v. Sosa*, 59 Wn. App. 678, 684, 800 P.2d 839 (1990). It is also unrealistic to expect that those who generate these records, or record custodians, would recall the details of a particular transaction or event. *State v. Kreck*, 86 Wn.2d 112, 120, 542 P.2d 782 (1995). And frequently, the mere fact that they are kept is an indication of their genuineness. *State v. Bolen*, 142 Wash. 653, 663, 254 P. 445 (1927).

The Jail Manager Personal Data record admitted here is such a record. It is a routine booking sheet which includes, among other routine information, the social security number, phone number, date, address, height, weight, etc. It is the routine kind of record contemplated by RCW 5.44.040. *State v. Mason*, 31 Wn. App. 680, 683-84, 644 P.2d 710 (1982). Cross-examination and the constitutional right to confront either the custodian or generator of the record would serve no purpose.

But the Montana Highway Patrol Incident Report is more. It is the summary of an investigation by a police officer. And while it may be routine, it is nonetheless an investigation by the State. This report included the officer's observations — Ms. Hines crossed the center line and she and her children were not wearing seat belts. It includes statements which tend to cast Ms. Hines in an unfavorable light, i.e., she gave an alias when first ap-

proached by the patrolman. The report, on its face, gave the patrolman the right to detain Ms. Hines. Cross-examination would permit Ms. Hines to test the accuracy of the patrolman's observations and the accuracy attributed to her statements. *Sosa*, 59 Wn. App. at 684. There is also no prima facie showing of the genuineness of this record simply because it is an official record. *Bolen*, 142 Wash. at 663. The report is a summary of an investigation by the patrolman and as such should be subject to cross-examination by the accused.

■ <u>Harmless Error</u>. The next question is whether the admission of the incident report was harmless. Error is harmless if it did not prejudice a substantial right of Ms. Hines and we can say beyond a reasonable doubt that it in no way affected the outcome of the case. *State v. Wanrow*, 88 Wn.2d 221, 237, 559 P.2d 548 (1977). Here, Ms. Hines admitted she took Krystalyn for 17 months in violation of the court's order. She also admitted that she used an alias at the time she was stopped by the state patrolman. We conclude therefore that the admission of this report did not affect the outcome of the trial and was harmless.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

THOMPSON and SCHULTHEIS, JJ., concur.