[No. 41009-1-I.    Division One.    April 27, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. C.N.H., *Appellant*.

*Shannon B. Marsh* of *Washington Appellate Project*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Lisa N. O'Toole, Deputy*, for respondent.

PER CURIAM — To prove that C.N.H. was guilty of minor in possession of liquor, the State offered a certified copy of her State-issued identification card.[1] The trial court properly admitted it under the statute that allows the admission of certified copies of public records. The copy of her ID card provided sufficient evidence to support her conviction. We affirm.

Early one morning, a police officer noticed a car pull into a park and ride lot. He knew that no buses ran between 11 P.M. and 5 A.M., and a sign at the entrance warned that the lot was open only to bus riders. The officer also knew that criminal activity had taken place in the lot in the past, so he watched as the car parked next to another vehicle. When he did not see any activity for five minutes, he approached the car. The driver opened his door, and the officer im-

---

[1]The State's brief indicates that it relied upon a certified copy of a Washington driver's license. The document is not part of the record on appeal, but the trial court's findings refer to it as an identification card. Whether it was a driver's license or a state-issued ID card is not material in the context of this appeal.

mediately smelled alcohol and noticed opened beer bottles. The occupants of the car appeared to be juveniles. C.N.H. was in the back seat. She denied that she had been drinking, but when she blew in the officer's face, he smelled alcohol. The officer asked for her identification, and she produced a Washington State Identification card that showed she was 16 years old.

C.N.H. was charged by information with one count of minor in possession of liquor. At the fact-finding, the State introduced a certified copy of C.N.H.'s State-issued ID card to prove that she was younger than 21 years old. She objected, arguing that the document was inadmissible hearsay. The court overruled the objection, admitted the document, and found her guilty as charged. C.N.H. moved for revision based on the admission of the copy of her ID card, but the motion was denied. This appeal followed.

## C.N.H.'s State-Issued Identification Card Was Properly Admitted

C.N.H. contends that the trial court erred when it admitted a certified copy of her Washington State ID card to prove her age. She claims her date of birth on the card was inadmissible hearsay.

The decision to admit relevant evidence will not be reversed on appeal absent an abuse of discretion.[2] A trial court abuses its discretion if the discretion was manifestly unreasonable, was exercised on untenable grounds, or for untenable reasons.[3]

RCW 5.44.040[4] provides that certified copies of pub-

---

[2]*State v. Hughes*, 106 Wn.2d 176, 202, 721 P.2d 902 (1986); *Goodman v. Boeing Co.*, 75 Wn. App. 60, 80, 877 P.2d 703 (1994), *aff'd*, 127 Wn.2d 401, 899 P.2d 1265 (1995).

[3]*In re Detention of G.V.*, 124 Wn.2d 288, 295, 877 P.2d 680 (1994).

[4]RCW 5.44.040 provides:

Copies of all records and documents on record or on file in the offices of the various departments of the United States and of this state or any other state

lic records may be admissible as an exception to the hearsay rule.[5] To be admissible, a document prepared by a public official must (1) contain facts, rather than conclusions that involve the exercise of judgment or discretion or express an opinion, (2) relate to facts that are of a public nature, (3) must be retained for the benefit of the public, and (4) there must be express statutory authority to compile the report.[6]

C.N.H.'s ID card contained facts, rather than conclusions involving the exercise of judgment, discretion, or opinions. It related to facts that are of a public nature, including her date of birth.[7] The information on the card was retained for the benefit of the public.[8] And, the Department of Licensing has express statutory authority to issue ID cards[9] and is required to record the cardholder's birthdate.[10]

Thus, the certified copy of C.N.H.'s ID card satisfied the requirements for admission of public records under RCW 5.44.040.[11] Moreover, C.N.H. did not challenge the accuracy of the record. Had she done so, the question presented would be different.[12] But under the circumstances,

or territory of the United States, when duly certified by the respective officers having by law the custody thereof, under their respective seals where such officers have official seals, shall be admitted in evidence in the courts of this state.

[5]*State v. Monson*, 113 Wn.2d 833, 839, 784 P.2d 485 (1989).

[6]*Id.* at 839.

[7]*State v. Hines*, 87 Wn. App. 98, 101, 941 P.2d 9 (1997).

[8]*See* RCW 46.01.011 (the laws administered by the department of licensing "are directed toward protecting and enhancing the well-being of the residents of the state").

[9]RCW 46.20.117(1).

[10]*Id.* (a state-issued ID card expires on the cardholder's birthdate five years after its issuance).

[11]Even if the document admitted were a Washington State driver's license the outcome would be the same. *See* RCW 46.01.040(13) and RCW 46.20.161 (the Department of Licensing is vested with all powers with respect to drivers' licenses, which includes recording driver's birthdate because that information must be stated on licenses).

[12]*See Monson*, 113 Wn.2d at 847.

the trial court did not err in admitting the copy of her ID card.

■ C.N.H. contends that the State failed to prove each element of the crime beyond a reasonable doubt because without her ID card, there was no proof that she was under 21 years old. Evidence is sufficient if, after reviewing it in the light most favorable to the State, " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' "[13] By claiming the evidence is insufficient, the defendant admits the truth of the State's evidence and all reasonable inferences that can reasonably be drawn from it.[14] All reasonable inferences are drawn in favor of the State and against the defendant.[15]

To prove that C.N.H. was a minor in possession of liquor, the State needed to show that she was under 21 years of age and was in a motor vehicle in a public place while exhibiting the effects of having consumed liquor.[16] A person exhibits the effects of having consumed liquor if her breath smelled of liquor, and she possessed or was in close proximity to a container that had liquor in it.[17]

C.N.H.'s ID card was properly admitted and showed that she was 16 years old when the officer encountered her in the car at the park and ride. The officer testified that her breath smelled of alcohol, and he found a partially full beer bottle near her in the car. Viewing this evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

---

[13]*State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980), *quoting Jackson v. Virginia*, 443 U.S. 307, 318, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

[14]*State v. Gentry*, 125 Wn.2d 570, 597, 888 P.2d 1105, *cert. denied*, 516 U.S. 843 (1995).

[15]*Id.* at 597.

[16]RCW 66.44.270(2)(b).

[17]*Id.*

C.N.H.'s conviction for minor in possession of liquor and the order on revision are affirmed.