974 P.2d 1245 (1999)
STATE of Washington, Respondent,
v.
Roy A. PHILLIPS, Appellant.
No. 41739-8-I.
Court of Appeals of Washington, Division 1.
February 22, 1999.
Publication Ordered March 29, 1999.
*1246 Eric Broman; Nielsen Broman & Assoc., Seattle, for Appellant.
Kristin Chandler; King County Pros. Ofc., Seattle, for Respondent.
PER CURIAM.
Roy A. Phillips was charged with domestic violence felony violation of a court order. To prove Phillips' knowledge of the existence of the order of protection he was charged with violating, the State offered Phillips' statement to the arresting officer that he knew of the order. In order to satisfy the corpus delicti rule, the State also offered, as proof of Phillips' knowledge, a return of service showing that the order of protection was served on "Roy A. Phillips III." The trial court admitted the return of service under the public records exception to the hearsay rule.
Phillips was convicted as charged. He argues that the evidence was insufficient to sustain the conviction because the return of service was inadmissible hearsay and that his admission to the officer was therefore not corroborated by independent evidence. We find that the return of service was properly admitted under the public records exception and that the evidence was sufficient to sustain the conviction. Accordingly, we affirm the judgment and sentence.

Facts
Roy Phillips' former girlfriend, Fuigaveve Joseph, obtained a temporary order of protection from him, effective from March 27 until April 10, 1997. On April 9, 1997, Joseph and her new boyfriend, Emil Meyer, drove to a mini-mart. Phillips drove into the parking lot while Joseph was using the pay phone outside the store and Meyer was inside the store. When Meyer emerged, he saw Phillips sitting in his (Meyer's) car. Meyer told him to get out of his car. Phillips complied, but took the keys to Meyer's car with him. Meyer yelled to Joseph to call 911, which she did. Phillips then threw Meyer's keys at Meyer, striking him in the shoulder, and threw a cup of beer in Meyer's face. Phillips followed Meyer to where Joseph was standing near the phone, grabbed her around the head, and tried to force her to kiss him. Phillips then fled in his car.
Officer Christopher Edwards responded to the 911 call. Phillips returned to the mini-mart parking lot while the officer was taking statements from Joseph and Meyer. Officer Edwards arrested him. According to the officer, Phillips acknowledged and waived his Miranda warnings,[1] and told the officer that he knew of the order of protection, but contacted Joseph anyway because he wanted to say hello to her.
Phillips was charged with one count of domestic violence felony violation of a court *1247 order and two counts of fourth degree assault. At a CrR 3.5 hearing, he denied making any statement to Officer Edwards and denied that he had been given his Miranda warnings. The trial court found that he made the statement to the officer after knowingly, intelligently, and voluntarily waiving his Miranda rights.
At trial, the court admitted, over Phillips' objection, a return of service document showing that "Roy A. Phillips III" had been served with the temporary order of protection. The court also allowed Officer Edwards to testify as to Phillips' statement that he knew of the order. The State offered this evidence to establish Phillips' knowledge of the order of protection.
Phillips denied assaulting Joseph and Meyer. He denied telling Officer Edwards that he knew of the order. He also denied having been served with the order, despite the information on the return of service.
Phillips was convicted of domestic violence felony violation of a court order. He was acquitted of the two fourth degree assault charges.

Discussion
We review Phillips' sufficiency of the evidence argument by determining whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the State. State v. Aten, 130 Wash.2d 640, 667, 927 P.2d 210 (1996). We review the trial court's decision regarding the admissibility of evidence for abuse of discretion. State v. Ortiz, 119 Wash.2d 294, 308, 831 P.2d 1060 (1992).
Phillips was convicted of domestic violence felony violation of a court order under RCW 26.50.110(4). In order to be guilty of this offense, the defendant must, among other things, know of the order of protection. RCW 26.50.110(1). Thus, the defendant's knowledge of the order is part of the corpus delicti, or the "body of the crime."
The State introduced Phillips' statement to Officer Edwards that he knew of the order of protection. Under the corpus delicti rule, Phillips' admission is not sufficient, standing alone, to prove the corpus delicti, and must be corroborated by other evidence. Aten, 130 Wash.2d at 655-56, 927 P.2d 210; State v. Picard, 90 Wash.App. 890, 900, 954 P.2d 336, review denied, 136 Wash.2d 1021, 969 P.2d 1065 (1998). The independent evidence need not establish the corpus delicti beyond a reasonable doubt, or even by a preponderance of the evidence. Aten, 130 Wash.2d at 656, 927 P.2d 210. Rather, the independent evidence is sufficient if it prima facie establishes the corpus delicti. Id. "Prima facie" means evidence of sufficient circumstances that support a logical and reasonable inference of the facts sought to be proved. Id.; Picard, 90 Wash. App. at 901, 954 P.2d 336. Without such independent evidence, the defendant's admission cannot be used to establish the corpus delicti or to prove the defendant's guilt. Aten, 130 Wash.2d at 656, 927 P.2d 210; Picard, 90 Wash.App. at 901, 954 P.2d 336.
Here, evidence of Phillips' knowledge of the order of protection, independent of his admission to Officer Edwards, is the return of service showing that the order of protection was personally served on an individual named "Roy A. Phillips III." The trial court admitted the return of service as a public record under RCW 5.44.040. That statute provides:
Copies of all records and documents on record or on file in the offices of the various departments of the United States and of this state or any other state or territory of the United States, when duly certified by the respective officers having by law the custody thereof, under their respective seals where such officers have official seals, shall be admitted in evidence in the courts of this state.
To be admissible as a public record, the document must contain facts, not conclusions involving the exercise of judgment or discretion or the expression of opinion. *1248 State v. Monson, 113 Wash.2d 833, 839, 784 P.2d 485 (1989); Steel v. Johnson, 9 Wash.2d 347, 358, 115 P.2d 145 (1941). Also, the subject matter of the record must relate to facts which are of a public nature, the record must be retained for the benefit of the public, and there must be express statutory authority to compile the record. Id.; Monson, 113 Wash.2d at 839, 784 P.2d 485.
Examples of documents that have been admitted under the public records exception include driving records, id.; fingerprint records of the war department, State v. Bolen, 142 Wash. 653, 663, 254 P. 445 (1927); and a routine booking sheet called the "Jail Manager Personal Data" record, State v. Hines, 87 Wash.App. 98, 101, 941 P.2d 9 (1997). Documents that have been held inadmissible under this exception include a principal's confession in the trial of the accomplice, State v. Connie J.C., 86 Wash.App. 453, 456-57, 937 P.2d 1116 (1997); a report prepared for the internal use of the state department of social security, Johnson, 9 Wash.2d at 358, 115 P.2d 145; and a highway patrol officer's incident report containing the officer's observations and a summary of the officer's investigation, Hines, 87 Wash.App. at 101-02, 941 P.2d 9.
We have not found a Washington case addressing whether a return of service is admissible under the public records exception. We conclude, however, that the return of service was properly admitted under RCW 5.44.040. Its creation is specifically authorized by statute. See RCW 26.50.090(5) (returns of service under the Domestic Violence Prevention Act must be made in accordance with applicable court rules). The return of service is a routine daily product of government. A return of service, when filed in court, is a matter of a public nature.
We reject Phillips' argument that the return of service does not fall within the public records exception because it is a product of the observations, opinions, and exercise of discretion of the process server, such that that the only way to establish the accuracy of the return of service is to question the process server. A facially correct return of service is presumed valid. Woodruff v. Spence, 88 Wash.App. 565, 571, 945 P.2d 745 (1997), review denied, 135 Wash.2d 1010, 960 P.2d 938 (1998); see also Connie J.C., 86 Wash.App. at 457, 937 P.2d 1116 (noting that the mere fact that public records are kept is prima facie proof of their genuineness). Moreover, because public records are routine daily products of government, cross examination serves little or no purpose because the persons who generate such records rarely recall the details of the event evidenced in the record. Connie J.C., 86 Wash.App. at 457, 937 P.2d 1116.
Nor does the return of service express the process server's opinion, or reflect the exercise of his or her discretion. Rather, it is a record of service of a particular document on the particular individual named in the return. It is not accurate to say that the process server is exercising judgment or discretion when he or she believes the information given by the person served as to his or her identity, and records the name of such individual on the return of service. By doing so, the process server is merely documenting the actions taken in the discharge of his or her duties.
Courts of other jurisdictions have held returns of service admissible as public records. See United States v. Union Nacional de Trabajadores, 576 F.2d 388 (1st Cir.1978); Cordova v. State, 675 So.2d 632, 637 (Fla. 3d DCA 1966). The court in Union Nacional noted that at common law, a sheriff's return was admissible under the official records exception to the hearsay rule. Union Nacional, 576 F.2d at 390-91. Washington's statutory public records exception has been held to be a codification of the common law public records exception. Monson, 113 Wash.2d at 837, 784 P.2d 485. Authors of treatises have also concluded that returns of service are admissible as public records. See 5 JOHN HENRY WIGMORE, EVIDENCE § 1664 (Chadbourne Revision 1974); SPENCER A. GARD, JONES ON EVIDENCE, § 12:24 at 387 (1972) (limiting admissibility to returns of service *1249 that, as here, an officer is required by law to make).
The trial court properly admitted the return of service under RCW 5.44.040. The return of service is sufficient independent evidence to corroborate Phillips' admission that he knew of the existence of the order of protection, and thus established the corpus delicti. Phillips makes no other arguments as to the sufficiency of the evidence.
Affirmed.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).