[No. 17787-4-III.   Division Three.   January 18, 2000.]
THE STATE OF WASHINGTON, *Petitioner*, v. JEFFREY L. CHAPMAN, *Respondent*.

---

[19]RCW 82.04.070.

*Steven Tucker, Prosecuting Attorney*, and *Brian C. O'Brien, Deputy*, for petitioner.
*William R. Norton*, for respondent.

SCHULTHEIS, J. — Certified copies of public records are admissible evidence in Washington courts. RCW 5.44.040. At Jeffrey Chapman's district court bench trial on a charge of second degree driving with a suspended license, the court admitted two documents into evidence: a signed certification prepared for trial, containing Mr. Chapman's driving record, and a copy of his 1996 order of revocation. The superior court reversed his conviction and remanded, citing *State v. Monson*, 113 Wn.2d 833, 784 P.2d 485 (1989). On appeal, the State argues these documents are admissible as self-authenticating public documents. We reverse the superior court order and reinstate the district court conviction.

In July 1997 a police officer cited Mr. Chapman for driv-

ing with a defective brake light. A radio check of Mr. Chapman's license revealed it had been revoked for one year, beginning January 1997. The officer cited Mr. Chapman for driving with a suspended/revoked license, second degree, RCW 46.20.342.

At trial in October 1997, the State presented two documents: Exhibit 2A, a sheet of State Department of Licensing (DOL) stationery, signed by the "Custodian of Records," certifying that the attached driving record was official and accurate; and Exhibit 2B, a copy of Mr. Chapman's order of revocation (entered in November 1996 to begin in January 1997). Mr. Chapman objected to the admission of these documents without foundation testimony from the custodian of records. He argued Exhibit 2A was prepared specifically for litigation and was not a public record. He further argued Exhibit 2B was not public in nature and was not retained for the benefit of the public. The trial court admitted the documents as public records and found Mr. Chapman guilty as charged.

On RALJ review, the superior court found that the *Monson* foundation requirements for admission of public records must be met even when a particular document seems satisfactory on its face under RCW 5.44.040. Further finding that the State did not lay the proper foundation, the court reversed Mr. Chapman's conviction and remanded for retrial. The commissioner of this court accepted discretionary review.

■ The sole question before this court is whether admission of a certified copy of a driving record requires foundation testimony. A certified copy of a driving record is hearsay; it is a written out-of-court assertion offered at trial to prove the truth of the matter asserted. *Monson*, 113 Wn.2d at 836. In this case, it was offered to prove that at the time Mr. Chapman was cited, his driving privilege had been revoked. We review the district court's decision to admit the evidence for abuse of discretion. *State v. C.N.H.*, 90 Wn. App. 947, 949, 954 P.2d 1345 (1998).

■ RCW 5.44.040 provides that copies of records and

documents filed in state or federal departments are admissible as long as they are certified under the official seals of the officers who have custody of them. A public record certified in this manner is self-authenticated. ER 902(d); *Monson*, 113 Wn.2d at 836-37. Not all authenticated public records are automatically admissible, however. *Id.* at 839. To be admissible, the public document must (1) contain facts rather than conclusions that involve judgment, discretion or the expression of opinion; (2) relate to facts that are of a public nature; (3) be retained for public benefit; and (4) be authorized by statute. *Id.* (citing *Steel v. Johnson*, 9 Wn.2d 347, 358, 115 P.2d 145 (1941)); *C.N.H.*, 90 Wn. App. at 949-50. Mr. Chapman correctly argues that a document must meet the standards of admissibility found in both RCW 5.44.040 and *Monson*, 113 Wn.2d at 839. He is mistaken, however, in his belief that this foundation must be established with live testimony.

■ A driving record is " 'a classic example of a public record kept pursuant to statute, for the benefit of the public and available for public inspection.' " *State v. Monson*, 53 Wn. App. 854, 858, 771 P.2d 359, *aff'd*, 113 Wn.2d 833, 784 P.2d 485 (1989), *quoted in State v. Connie J.C.*, 86 Wn. App. 453, 456-57, 937 P.2d 1116 (1997). *See also* RCW 46.01.011 (the laws administered by the DOL "are directed toward protecting and enhancing the well-being of the residents of the state"). The driving record in this case (Exhibit 2A) contains neither expressions of opinion nor conclusions requiring the exercise of discretion. *Monson*, 53 Wn. App. at 858. The copy of the November 1996 order of revocation (Exhibit 2B), which was mailed to Mr. Chapman and informed him when and for how long his license was to be revoked, likewise contains only facts, is retained for the public benefit and is authorized by statute (RCW 46.20.311). Both documents were certified by the official custodian.

The foundation for these documents is evident on their faces. Testimony by the official custodian is neither needed nor advisable. Because public documents and records are routine products of government, custodians rarely recall

892

the details of their production. *Connie J.C.*, 86 Wn. App. at 457. Further, "RCW 5.44.040 is intended to avoid having such persons called to testify." *Monson*, 113 Wn.2d at 844. As properly certified, routine, public records that contain only neutral facts, the documents were admissible under both RCW 5.44.040 and the common law requirements endorsed by *Monson*, 113 Wn.2d at 839. Accordingly, the district court did not abuse its discretion in admitting Exhibits 2A and 2B.

We reverse the superior court's order and reinstate Mr. Chapman's district court conviction.

BROWN, A.C.J., and SWEENEY, J., concur.