30 P.3d 1255 (2001)
144 Wash.2d 600
STATE of Washington, Respondent,
v.
Lisa Marie NEAL, Petitioner.
No. 70199-7.
Supreme Court of Washington, En Banc.
Argued May 8, 2001.
Decided September 6, 2001.
*1257 Knapp, O'Dell & Lewis, R.A. Lewis, Camas, for Petitioner.
Bradley Andersen, Skamania County Prosecutor, Peter Banks, Deputy, Stevenson, for Respondent.
*1256 MADSEN, J.
Lisa Marie Neal seeks reversal of the Court of Appeals decision affirming her conviction for possession of a controlled substance. In the trial court, Ms. Neal moved to exclude a certified copy of a toxicologist's report because the certification failed to name the person from whom the substance was received as required by CrR 6.13(b). She also moved to suppress evidence discovered as a result of a search of her vehicle. The Court of Appeals affirmed the trial court, holding that the certificate substantially complied with the requirements of CrR 6.13(b) and that the trial court did not abuse its discretion by admitting the report. The Court of Appeals also upheld the trial court's ruling denying suppression of evidence. We hold that the trial court erred in admitting the expert's report and that the defendant was prejudiced by the error. Accordingly, we reverse the Court of Appeals.

Facts
At a little after 10 p.m. on August 8, 1997, Skamania County Deputy Sheriff Calvin Owens was driving past the IGA store in Carson on routine patrol when he noticed two people in the cab of a small pickup truck in the parking lot.[1] He observed the person in the driver's seat, Ms. Neal, reach out and strike the passenger three times on the head. Deputy Owens pulled into the parking lot behind the pickup truck and activated his emergency lights.
The passenger exited the vehicle and began walking away from the scene. Ms. Neal also exited the vehicle and stood by the door yelling over the truck at the passenger. Deputy Owens ordered Ms. Neal to get back into her truck and wait. Ms. Neal complied. Deputy Owens then contacted the passenger who indicated that there had been an argument. Ms. Neal confirmed the argument and added that she and the passenger had a previous dating relationship. Deputy Owens informed Ms. Neal that domestic violence laws contain a mandatory arrest provision and he arrested her for assault in the fourth degree.
Following the arrest, officers searched the truck's passenger compartment and found Ms. Neal's purse which contained a packet of white substance. The substance, which was sent to the Washington State Patrol Crime Lab, tested positive for methamphetamine. Ms. Neal was charged by information with possession of a controlled substance and assault in the fourth degree.
Prior to trial, the State notified Ms. Neal of its intent to use a certified copy of the crime lab report in lieu of the toxicologist's personal appearance. Defense counsel requested a continuance at the status conference held on October 29, 1997, and trial was reset to February 9, 1998. On February 3, 1998, Ms. Neal's attorney objected to the use of the certified copy and demanded the expert witness testify at trial.
At trial, the defense moved in limine to exclude the lab report because the certificate accompanying the report failed to name the person from whom the tested substance was received as required by CrR 6.13(b). The report listed "The Tacoma Crime Laboratory Evidence Vault" as the "person" from whom the tested substance was received. Clerk's Papers (CP) at 44. The court denied the motion, ruling the certificate substantially complied with the rule because "I guess [the crime lab's] like a corporation who's also can stand in for a person." Suppl. Report of Proceedings (RP) at 7. The court also ruled that the demand for the toxicologist's presence was untimely under CrR 6.13(b)(3)(iii), which requires that the demand be served on the prosecutor seven days before trial. Ms. Neal also moved in limine to exclude the testimony of Deputy David Cox because he was not listed as a prosecution witness. The State agreed to withdraw the witness.
At trial, the State offered the toxicologist's report through one of the investigating officers, Officer Mercer. Ms. Neal objected, *1258 arguing that Officer Mercer lacked personal knowledge as to the chain of custody of the evidence, thus his testimony was hearsay as to the foundation for the report. The court sustained that objection but then permitted Deputy Cox to testify, over defense objection, that he took the evidence "from Location 161 to the lab on 8/22/97 at 13:20." RP at 140. The court then admitted the report.
Ms. Neal was convicted of possession of a controlled substance but acquitted of assault. The Court of Appeals affirmed in a partially published opinion. State v. Neal, 102 Wash. App. 99, 6 P.3d 632 (2000). We granted Ms. Neal's petition for review and now reverse the Court of Appeals.

Analysis
The dispositive issue in this case is whether the trial court abused its discretion by admitting into evidence a certified copy of the laboratory test report when the certificate lacked the name of the person from whom the evidence was received for testing as required by CrR 6.13(b). Ms. Neal argues that the crime laboratory report is hearsay and, because it does not fully comply with the hearsay exception provided by CrR 6.13(b), the trial court abused its discretion by admitting the test report.[2] The first question we must answer is whether admissibility of the report pursuant to CrR 6.13 requires strict compliance with certification requirements of the rule.
The toxicology report at issue here is hearsay because it is an out-of-court statement by the expert who tested the substance found in Ms. Neal's purse and that statement was offered for the truth of its contents-that the substance tested was methamphetamine. Unless the report falls within a hearsay exception it is inadmissible. The rules of evidence provide that "[h]earsay is not admissible except as provided by these rules, by other court rules, or by statute." ER 802. CrR 6.13(b) establishes such an exception to the hearsay rule and provides a method for a lab report to be self-authenticating. State v. Sosa, 59 Wash.App. 678, 682, 800 P.2d 839 (1990). CrR 6.13(b)(1) states in pertinent part:
"[T]he official written report of an expert witness which contains the results of any test of a substance or object which are relevant to an issue in a trial shall be admitted in evidence without further proof or foundation as prima facie evidence of the facts stated in the report if the report bears" or has attached a certification stating that the certifier has performed a test on the substance or object in question, the name of the person from whom the substance or object was received, the certificate is attached to a true and complete copy of the certifier's official report, the report was made by the certifier, and the qualifications of the certifier to make such tests. The certificate shall be signed by the certifier with the title of his office and his business address and telephone number.
(Emphasis added.)
Ms. Neal maintains that the rule mandates the certificate contain all of the information specified in CrR 6.13(b) as a prerequisite to admissibility of the expert's report. The certificate here is insufficient, Ms. Neal claims, because it does not list "`the name of the person from whom the substance or object was received.'" CP at 42. Instead, the certificate states that the tester, Ms. Tami S. Kee, "received the substance in question from: The Tacoma Crime Laboratory Evidence Vault." CP at 44.[3]
*1259 Ms. Neal contends that the court abused its discretion by admitting the report because strict compliance with the rule is required. She bases this contention on the fact that the rule was amended to specifically require the certification to state the name of the person from whom the tester received the substance. Prior to 1976, the rule provided that the certification contain only a statement that the tester had "received the (substance)(object) in question from_____." Former CrR 6.13(b) (1975), reprinted at 84 Wash.2d 1101-02. The comment to the 1975 amendment states that "a person rather than an agency must appear in paragraph 2 of the certification of the report." In the Matter of Amending Criminal Rule for Superior Court (CrR 6.13) and Criminal Rule for Justice Court (JCrR 4.09), No. 25700-A-204 (Aug. 26, 1975).
The Court of Appeals found, based on the language of the rule and the comment on the amendment to the rule that "[a]lthough the rule contemplates substantial compliance with the form of the certificate, the rule requires strict compliance with the content of the certificate, at least in regard to the name of the person providing the substance or object in question to the tester." Neal, 102 Wash.App. at 105-06 n. 6, 6 P.3d 632. We agree with this conclusion.
Court rules are interpreted as though they were drafted by the Legislature and are construed consistent with their purpose. Wiley v. Rehak, 143 Wash.2d 339, 343, 20 P.3d 404 (2001); State v. Wittenbarger, 124 Wash.2d 467, 484, 880 P.2d 517 (1994). The court employs principles of statutory construction when interpreting court rules. State v. Greenwood, 120 Wash.2d 585, 592, 845 P.2d 971 (1993). The application of a court rule to the facts in a case is a question of law subject to de novo review on appeal. Wiley, 143 Wash.2d at 343, 20 P.3d 404.
CrR 6.13(b) provides an exception to hearsay, allowing for the admissibility of a certified lab report in lieu of the forensic scientist's live testimony. As the Court of Appeals observed, the report does double duty as well, furnishing prima facie evidence of both the test results and the chain of evidence custody to and from the testing expert. Neal, 102 Wash.App. at 103, 6 P.3d 632. The fact that this Court amended the rule in 1975 to specifically require a named person instead of an agency to establish the chain of custody to and from the tester indicates the clear intent that the certificate strictly comply with the requirement that the person from whom the tester received the substance be named in order to meet the court created exception.
The use of hearsay impinges upon a defendant's constitutional right to confront and cross-examine witnesses. Admission of hearsay evidence implicates a defendant's constitutional right to confront the witnesses brought against him or her, but police crime laboratory reports can be admitted consistent with constitutional values if certain procedures are employed. Paul C. Giannelli, The Admissibility of Laboratory Reports in Criminal Trials: The Reliability of Scientific Proof, 49 Ohio St. L.J. 671, 673 (1988).
In State v. Sosa, 59 Wash.App. 678, 800 P.2d 839 (1990), the defendant argued, among other things, that the hearsay exception created by CrR 6.13(b) violated his right to confrontation. First, the court recognized that even though evidence may be properly admitted as an exception to the hearsay rule, the Supreme Court has held that it may, nevertheless, be excluded if it does not adhere to the standards of the confrontation clause. Id. at 683, 800 P.2d 839 (citing Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638, 651 (1990)). Next, applying the two part test from Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Court found no Sixth Amendment violation. As to the reliability prong of the Roberts test, the court recognized that the hearsay evidence must bear adequate indicia of reliability to survive a confrontation challenge. Under Roberts, reliability may be met if the evidence falls within one of the firmly rooted hearsay exceptions or by showing "particularized guaranties of trustworthiness." Sosa, 59 Wash.App. at 684, 800 P.2d 839 (citing *1260 Roberts, 448 U.S. at 66, 100 S.Ct. 2531). Although CrR 6.13(b) does not constitute a firmly rooted exception, the Court of Appeals nevertheless held that a "certified copy of the lab report, in conformity with CrR 6.13(b) and identified by the State's witness, is reliable evidence under Roberts." Id. at 684, 800 P.2d 839.
We agree with the court in Sosa; CrR 6.13 does not violate a defendant's confrontation rights so long as all the substantive requirements of CrR 6.13(b) are complied with. In light of the fact that CrR 6.13(b) is an exception to the hearsay prohibition, and failure to comply with the rule implicates the constitutional confrontation rights of the accused and the evils of trial by affidavit, we hold that strict compliance is required with regard to the name of the person from whom the tester received the substance.
The next issue is whether the trial court abused its discretion when it admitted the lab report with its noncomplying certificate. The decision to admit evidence lies within the sound discretion of the trial court and should not be overturned absent a manifest abuse of discretion. State v. Bourgeois, 133 Wash.2d 389, 399, 945 P.2d 1120 (1997). An abuse of discretion exists "[w]hen a trial court's exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons." State v. Stenson, 132 Wash.2d 668, 701, 940 P.2d 1239 (1997); State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971). The range of discretionary choices is a question of law and the judge abuses his or her discretion if the discretionary decision is contrary to law. State v. Williamson, 100 Wash.App. 248, 257, 996 P.2d 1097 (2000). Ms. Neal claims the trial court abused its discretion because it failed to enforce the requirements of the rule. Failure to enforce the requirements of rules can constitute an abuse of discretion. State v. Rivers, 129 Wash.2d 697, 706, 921 P.2d 495 (1996).
The Court of Appeals found the court had not abused its discretion. The court reasoned that the language "shall be admitted" in CrR 6.13(b) means that if the certificate strictly complies with the content requirements, admission of the report is "mandatory" while admission of a noncompliant certificate is "discretionary." Neal, 102 Wash.App. at 106, 6 P.3d 632. The trial court did not abuse its discretion, the court reasoned, because Ms. Neal had not demanded that the State produce the expert at least seven days prior to trial as required by CrR 6.13(b)(3)(iii), and she failed to establish that she was prejudiced by admission of the certificate. Id. at 103, 6 P.3d 632.
We disagree. If the certification strictly complies with the requirements of the rule, the report is admissible (even over objection) without further proof or foundation. See CrR 6.13(b)(1). "Shall be admitted" thus means that a certificate that strictly complies with the rule qualifies as a hearsay exception and will survive a hearsay objection. The converse is that a certificate that does not strictly comply with the rule is hearsay. In the face of a validly stated objection that the certificate is defective, the report is hearsay evidence and further proof or foundation in the form of witnesses is required.
As Ms. Neal points out, allowing courts discretion to admit hearsay evidence not in compliance with the rule creates a "catch-all" exception to the hearsay rule. This state declined to adopt any catchall provision similar to Fed.R.Evid. 803(24) which provided for admission of hearsay when the trial judge found it was created under circumstances which provided guaranties of trustworthiness similar to established hearsay exceptions:
Despite purported safeguards, there is a serious risk that trial judges would differ greatly in applying the elastic standard of equivalent trustworthiness.... There would be doubt whether an affirmance of an admission of evidence under the catch-all provision amounted to the creation of a new exception with the force of precedent or merely a refusal to rule that the trial court had abused its discretion.
Comment to ER 803 Section (b), Judicial Council Task Force on Evidence, reprinted in Washington Court Rules (2001) at 153.
Nor does Ms. Neal's failure to request the presence of the expert within seven days as provided by CrR 6.13(b)(3)(iii) alter the analysis.
(3) Notice Requirements. The court shall exclude such report if:

*1261 (i) a copy of the report and certificate has not been served on the defendant or the defendant's attorney at least 15 days prior to the trial date or, upon a showing of cause, such lesser time as the court deems proper; or
....
(iii) at least 7 days prior to the trial date or, upon a showing of cause, such lesser time as the court deems proper, the defendant has served a written demand upon the prosecutor to produce the expert witness at the trial.
CrR 6.13(b)(3)(iii).
Under the rule, failure of the State to comply with the notice requirements of CrR 6.13(b)(3) mandates exclusion of the report. However, failure by the defendant to timely demand live testimony does not waive the right to object to the report as hearsay. The demand for production of an expert under CrR 6.13(b)(3)(iii) must be granted (if timely) even if the report is in perfect compliance with the certification requirements.
Based on the clear intent evinced by the language of CrR 6.13, the history of its amendment, and on confrontation clause concerns, we find the trial court's admission of the report in this case was an abuse of discretion.
Finally, we must decide whether the error was harmless. Evidentiary error is grounds for reversal only if it results in prejudice. Bourgeois, 133 Wash.2d at 403, 945 P.2d 1120. An error is prejudicial if, "within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected." State v. Smith, 106 Wash.2d 772, 780, 725 P.2d 951 (1986). Improper admission of evidence constitutes harmless error if the evidence is of minor significance in reference to the evidence as a whole. Thieu Lenh Nghiem v. State, 73 Wash.App. 405, 413, 869 P.2d 1086 (1994).
The test for determining sufficiency of evidence is whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992). If the laboratory report is excluded in this case, and the remaining evidence is construed most favorably to the prosecution, the State proved only that Ms. Neal possessed "[o]ne ziplock plastic bag containing approximately 0.1 gram of tan crystalline material." CP at 44. We find that admission of the laboratory report in this case was prejudicial error because, without the laboratory report, there was insufficient evidence to find the elements of the crime beyond a reasonable doubt. The case must be dismissed.[4]

Conclusion
It is error to admit a certified copy of an expert's laboratory report in lieu of testimony if the certificate does not meet the requirements of CrR 6.13(b). In this case, the error was prejudicial and the case is remanded for dismissal.
ALEXANDER, C.J., and SMITH, JOHNSON, SANDERS, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ., concur.
NOTES
[1] These facts are from the Findings of Fact and Conclusions of Law (3.5 Hearing). Clerk's Papers (CP) at 33-37.
[2] The State's sole response to the issue of the report's admissibility is that the objection based on hearsay is being made for the first time in Ms. Neal's petition for review. The State submits that the issue was not raised in the trial court or in the Court of Appeals. Resp't's Answer 7-8. The State is incorrect.

In her written motion in limine to exclude the report, defense counsel stated: "In order to use the hearsay exception provided by CrR 6.13(b), the form of the certificate must comply with the form outlined in the Court Rule." CP at 43. During the motion in limine, counsel argued that the document "does not comply with 6.13 and is not admissible under any other hearsay rules, so the Court should exclude it on that ground." Suppl. Verbatim Report of Proceedings (RP) at 2. Defense counsel also objected to the report as hearsay repeatedly during trial. We are satisfied that Ms. Neal adequately preserved the claimed error.
[3] The court allowed the State to meet Ms. Neal's objection by eliciting additional foundation testimony from Deputy Cox to supply the information missing from the certification. While Deputy Cox's testimony establishes that he was the person who handled the substance between the Tacoma crime lab and the Skamania evidence vault, his testimony does not supply the information specifically required by the court rule: the name of the person from whom the tester of the substance received the evidence.
[4] Given our decision, we do not reach the remaining issue.