ORDER
MARK W. POULEY, Chief Judge.
THIS MATTER came on before this Court on Plaintiffs MOTION TO ADMIT a purported certificate of chemical composition of evidence. The court heard oral argument of the parties July 11, 2011. Reviewing the argument of the parties, the court issues the following order.
The Defendant was taken into custody following a traffic stop. The vehicle in which the Defendant was riding as a passenger was searched, and the police located what is alleged to be marijuana and drug paraphernalia. The validity of the stop, search, and arrest are not at issue in this matter. What is at issue is what evidence may be admitted to prove the chemical composition of the substances found in the vehicle. The Plaintiff requests the court to admit the “Report of Findings” filed by a Skagit County Sheriffs office “Marijuana Leaf Technician.”
In support of the motion, Plaintiff relies upon SITC 4-10.030 which states:
The chemical composition of a substance may be proven by any acceptable method of identification, including, but not limited to, identification by a trained officer, by certified field tests or by certified laboratory tests.
Plaintiff argues that this statutory language provides for the admission of the report of certified laboratory tests in lieu of live testimony regarding the laboratory tests to prove the chemical composition of a substance. While this statute describes the type of evidence that may be used to prove the chemical composition of a sub *227 stance, it does not direct the manner in which such evidence may be introduced at trial. The report of the lab technician is classic hearsay. The document contains an out of court statement by the expert that tested a substance which is offered for the truth its contents—that the substance tested was marijuana. Such a hearsay statement is inadmissible absent a specific exception by rule or statute.
While court rules and opinions of Washington are not binding upon this court, they may be instructive. Washington court rule CrR 6.13(b) establishes a hearsay exception that provides a method for a lab report to be self-authenticating and admissible as prima facie evidence of the facts stated in the report. This rule is strictly construed and the report must perfectly comply with the rule before it may be admitted. State v. Neal, 144 Wash.2d 600, 30 P.3d 1255 (2002). This court may be persuaded that such a rule should be adopted in the Swinomish Tribal Court, but such argument was not presented here and there are insufficient facts in the record for the court to create such a rule at this time. In addition, CrR 6.13(b)(3)(iii) provides that even if such a report is in perfect compliance with the rule, it may not be admitted in lieu of live testimony if the defendant timely objects and demands production of the expert conducting the test. Id. at 611, 30 P.3d 1255.
Applying the Washington rules by analogy, it is unclear whether the offered report meets the strict rules allowing admission. The defendant did, however, object to such admission and request live testimony of the expert. The defendant’s objection would be considered timely under the Washington rule,[1] but otherwise is not in strict compliance with the rule. It appears CrR 6.13(b)(3)(iii) is intended to provide defendants a method to preserve their constitutional right to confrontation. This right is also protected in the Swinomish Tribal Court pursuant to the Indian Civil Rights Act 25 U.S.C.A. § 1302(6). Therefore, the court will give weight to the objection and hereby DENIES the plaintiffs pretrial request for admission at this time. The court reserves ruling on the admission of the report at trial, depending upon the facts as they are presented at trial.
/s/ Mark W. Pouley
Mark W. Pouley, Chief Judge
Swinomish Tribal Court

. CrR 6.13(b)(iii) requires a written objection and demand for production of the expert be served upon the prosecution at least seven (7) days before trial.