COURT OF APPEALS DIV I
STATE OF WASHINGTC
2016 SEP -6 AM 8:49



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| ANNE CUTONE, | ) | No. 73926-3-I |
|  | ) |  |
| Appellant, | ) | DIVISION ONE |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| WAI K. LAW and JANE DOE LAW, and | ) | UNPUBLISHED |
| their marital community, | ) |  |
|  | ) | FILED: September 6, 2016 |
| Respondents. | ) |  |
|  | ) |  |

Cox, J. — Anne Cutone appeals the judgment on a jury verdict in this personal injury case. Because the trial court did not abuse its discretion by denying, in part, Cutone's motion in limine and deciding that limited evidence of her prior injury would be admissible at trial, we affirm.

Cutone and Wai Law were involved in a car accident. Based on Law's admission that he was negligent, causation and damages were remaining issues at trial.

Cutone claimed that the accident gave her thoracic outlet syndrome. Law argued that Cutone's complaints were related to a prior injury and were not caused by this 2010 car accident.

In her motion in limine, Cutone moved to exclude evidence of her prior injuries. The trial court denied, in part, Cutone's motion and allowed opposing counsel to question expert witnesses "about whether or not a prior injury such as a broken clavicle" could cause Cutone's claimed injuries.[1] The trial court specifically prohibited Law from mentioning that a car accident caused the prior injury.

At trial, Cutone's three treating physicians concluded that the car accident caused Cutone's claimed thoracic outlet syndrome. Conversely, Law's medical expert, who performed a CR 35 examination of Cutone prior to trial, testified that she did not sustain thoracic outlet syndrome, or any injuries, from this 2010 car accident.

The jury rendered its verdict in Cutone's favor in the total amount of $5,480.00. This included past economic and noneconomic damages. The jury did not award her future economic or noneconomic damages. The trial court entered a judgment on the jury verdict.

Cutone appeals.

## IN LIMINE RULING

Cutone argues that the trial court abused its discretion by partially denying her motion in limine to exclude evidence of her prior injury. We hold that the trial court properly exercised its discretion in its ruling.

---

[1] Report of Proceedings (July 13, 2015) at 23.

2

Trial courts have "wide discretion to determine the admissibility of evidence."[2] Courts may grant motions in limine if the motions describe "the evidence which is sought to be excluded with sufficient specificity to enable the trial court to determine that it is clearly inadmissible under the issues as drawn or which may develop during the trial."[3]

We review for abuse of discretion a trial court's decision to admit evidence.[4] "'An abuse of discretion exists [w]hen a trial court's exercise of its discretion is manifestly unreasonable or based on untenable grounds or reasons.'"[5]

In Harris v. Drake, the supreme court reiterated the rule that "[w]hen an accident lights up and makes active a preexisting condition that was *dormant and asymptomatic* immediately prior to [an] accident, the preexisting condition is not a proximate cause of the resulting damages."[6]

In Hoskins v. Reich, following Harris, Division Two of this court stated that evidence of a party's pre-accident treatment was not relevant to proximate cause and damages because there was no "evidence of symptoms or a preexisting

---

[2] State v. Demery, 144 Wn.2d 753, 758, 30 P.3d 1278 (2001) (plurality opinion).

[3] Douglas v. Freeman, 117 Wn.2d 242, 255, 814 P.2d 1160 (1991).

[4] State v. Quaale, 182 Wn.2d 191, 196, 340 P.3d 213 (2014).

[5] Id. at 197 (alteration in original) (internal quotation marks omitted) (quoting State v. Neal, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001)).

[6] 152 Wn.2d 480, 494, 99 P.3d 872 (2004) (emphasis added).

condition subject to a natural progression."[7]  Thus, Division Two of this court concluded that the trial court in that case abused its discretion in admitting evidence of a party's pre-accident chiropractic treatment because there was no evidence of a symptomatic condition prior to the accident.[8]

Here, before trial, Cutone moved to exclude evidence of her prior injuries. The legal question was whether there was medical evidence to show that this accident made active a preexisting condition that was neither dormant nor asymptomatic.  If the answer to that question was yes, the evidence was relevant and admissible at trial.

At the motion hearing, Cutone argued that she was not symptomatic prior to this car accident with Law.  Law's medical expert, Dr. Richard M. Kremer, who performed a CR 35 examination of Cutone, testified otherwise.

His declaration and written report of his CR 35 examination state his medical opinions under the proper standard: that they are on a more probable than not basis to a reasonable degree of medical certainty.[9]

He testified that Cutone:

suffered a fractured clavicle in the 1981-82 automobile accident. The fractured clavicle resulted in a structural change and fracture calcification, evident on my physical examination of the plaintiff. This condition, as well as an increase in plaintiff's weight, is more probably than not the cause of plaintiff's alleged thoracic outlet

---

[7] 142 Wn. App. 557, 568, 174 P.3d 1250 (2008).

[8] Id.

[9] Clerk's Papers at 74.

syndrome symptoms, due to intermittent partial obstruction of the right subclavian artery and/or the right subclavian vein.[10]

He further testified that:

> Given plaintiff's long-standing and chronic complaints of neck and back pain, it is more likely than not, that plaintiff continued to suffer from symptomatic conditions prior to the subject accident on a more probable than not basis.[11]

The CR 35 examination report states, among other things, in response to a series of questions:

> Did plaintiff suffer from any preexisting conditions that were asymptomatic but "lit up" in the collision?

> The only preexisting condition that the plaintiff has is the previous cervical trauma caused by a motor vehicle accident in 1981-1982 time frame, with broken clavicle, which is identifiable on physical examination. This only came to light during my examination when I noted the callous formation of the clavicle and asked the plaintiff if she had ever broken her collar bone. This, as well as increase in the plaintiff's weight, could cause an anatomic situation in the area of the thoracic outlet, which could cause intermittent partial obstruction to the right subclavian artery in an individual who admittedly sleeps solely on her back. This may also be supported by the vascular testing which was positive in the resting position and with the Adson's maneuver, an unusual set of findings. I do not believe that any condition was "lit up" by the collision.[12]

The trial court denied, in part, Cutone's motion. The court ruled that

opposing counsel would be allowed at trial to question expert witnesses "about

whether or not a prior injury such as a broken clavicle" could have caused

---

[10] Id. at 73.

[11] Id. at 74.

[12] Id. at 89.

5

Cutone's claimed injuries.[13] The court excluded any mention of the fact that an automobile accident caused the prior injury. There was no abuse of discretion in this ruling.

This medical expert opinion is sufficient to show that Cutone's preexisting condition was neither dormant nor asymptomatic. Accordingly, it was relevant to the question of proximate cause, as presented to the court at the time of the motion in limine. What developed later, at trial, was not relevant to the question of what was before the court at the time of the motion.

Cutone argues that this medical expert opinion was speculative. Not so. In any event, it was within the trial court's discretion to allow the trier of fact, in this case the jury, to determine the witnesses' credibility.

Because we have resolved this matter on the basis discussed, we need not address the other arguments raised by the parties.

We affirm the judgment on the jury verdict.

Cox, J.

WE CONCUR:

---

[13] Report of Proceedings (July 13, 2015) at 23.