## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In re the Detention of

MARK A. BLACK,

         Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

No. 71292-6-I

DIVISION ONE

UNPUBLISHED

FILED: March 27, 2017

COX, J. – Mark Black challenges his order of commitment as a sexually violent predator. In our August 2015 decision, we reversed the order on due process grounds because he had not been present during portions of jury selection.[1]

The supreme court granted the State's petition for review and denied Black's.[2] The supreme court then reversed our decision on the basis that Black waived his right to be present during the relevant portions of jury selection. The court remanded the case to this court for further proceedings consistent with its opinion.

Two issues remain for decision. First, whether there was sufficient evidence to prove that Black's disorders caused him serious difficulty controlling his behavior. Second, whether the court abused its discretion in admitting certain

---

[1] In re Det. of Black, 189 Wn. App. 641, 357 P.3d 91 (2015).

[2] In re Det. of Black, No. 92332-9, slip op. at 1 (Wash., Dec. 15, 2016), https://www.courts.wa.gov/opinions/pdf/923329.pdf.

expert opinion. We hold there was sufficient evidence to support the jury's decision. And there was no evidentiary error requiring reversal. We affirm.

We need not repeat here the factual and procedural background detailed in our prior opinion. Rather, we only discuss facts insofar as necessary to address the remaining issues for decision.

## SUFFICIENCY OF THE EVIDENCE

Black argues that the State failed to prove that each of the alternative means of commitment caused the lack of volitional control required for civil commitment. We hold there was sufficient evidence to support the jury's verdict.

The right to a unanimous jury verdict applies in SVP commitment proceedings.[3] When the defendant stands charged with and the jury is instructed on an alternative means crime, the jury must determine unanimously the means by which the defendant committed the crime.[4]

To show the mental illness element for an SVP determination, the State can present proof that the respondent "suffers [either] from a 'mental abnormality' or proof that such a respondent suffers from a 'personality disorder.'"[5] These "are the two factual alternatives set forth in the relevant statute."[6]

---

[3] In re Det. of Halgren, 156 Wn.2d 795, 809-11, 132 P.3d 714 (2006).

[4] State v. Owens, 180 Wn.2d 90, 95, 323 P.3d 1030 (2014).

[5] In re Det. of Pouncy, 144 Wn. App. 609, 618, 184 P.3d 651 (2008) (quoting Halgren, 156 Wn.2d at 811).

[6] Id.

"[W]hen there is sufficient evidence to support each of the alternative means of committing the crime, express jury unanimity as to which means is not required."[7] But the jury's finding must be unanimous when there is insufficient evidence to support any individual alternative means.[8]

Thus, where a rational trier of fact could have found beyond a reasonable doubt that the defendant suffered from both a mental abnormality and a personality disorder, the defendant's constitutional right to jury unanimity is not violated.[9]

A "mental abnormality" is defined as "a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to the commission of criminal sexual acts in a degree constituting such person a menace to the health and safety of others."[10]

Evidence is sufficient to support a guilty verdict if, viewed "in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt."[11] In so construing the evidence, we draw "all reasonable inferences . . . in favor of the State."[12] We interpret it "most strongly against the

---

[7] Owens, 180 Wn.2d at 95.

[8] Id.

[9] Pouncy, 144 Wn. App. at 620.

[10] RCW 71.09.020(8).

[11] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[12] Id.

3

defendant."[13] And we defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of evidence.[14]

Here, through the testimony of Dr. Dale Arnold, the State presented sufficient evidence to prove both alternative means to support commitment—personality disorder and mental abnormality.

First, Dr. Arnold testified that Black has a personality disorder not otherwise specified (NOS) with antisocial and narcissistic traits.[15] These traits include a sense of entitlement, manipulation of others, deceitfulness, lack of remorse, and irresponsible behavior.[16] Dr. Arnold made this diagnosis after an evaluation of Black and consultation with the Diagnostic and Statistical Manual of Mental Disorders IV-Text Revision (DSM-IV TR).[17]

Dr. Arnold further testified that Black's personality disorder was "severe" according to the psychopathy checklist.[18] And he testified that individuals who score in the high range of the psychopathy checklist, like Black, "tend to reoffend more quickly" and "have more violent offenses."[19] He also testified that Black's

---

[13] Id.

[14] State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

[15] Report of Proceedings Vol. 5 (Oct. 28, 2013) at 382.

[16] Id. at 405-06.

[17] Id.

[18] Id. at 406.

[19] Id. at 408-09, 427.

personality disorder had a "direct link" to sexual reoffending.[20] He opined that this was because Black likes "the adventure . . . of finding someone on the internet" and "the process of grooming the child for victimization."[21] Further, Dr. Arnold testified Black's personality disorder caused Black serious difficulty controlling his behavior because he lacks concern for others and enjoys exploiting others.[22]

Second, the State presented sufficient evidence to prove that Black has a mental abnormality. Specifically, the evidence showed that Black has two mental abnormalities—sexual sadism and paraphilia NOS, persistent sexual attraction to pubescent females (paraphilia NOS).[23] Dr. Arnold also made these diagnoses after the evaluation of Black and consultation with the DSM-IV.[24]

Dr. Arnold based his paraphilia NOS diagnosis on the fact that Black was "sexually excited by the budding breasts [of young females]."[25] Dr. Arnold testified that this paraphilia caused stress and dysfunction in Black's life.[26] Dr. Arnold opined that paraphilia NOS is a mental abnormality that affected Black's

---

[20] Id. at 427.

[21] Id. at 427-28.

[22] Id. at 444-45.

[23] Id. at 382.

[24] Id.

[25] Id. at 430.

[26] Id. at 433.

emotional and volitional control.[27] And he testified that it caused Black serious difficulty in controlling his sexually violent behavior.[28]

Dr. Arnold also testified that Black has sexual sadism.[29] He based this diagnosis on the fact that Black was sexually aroused by abuse.[30] He testified that Black continued to have sex with girls even though they were crying and did not like it.[31] Further, Dr. Arnold testified that Black told him that this caused dysfunction in his relationships.[32] Dr. Arnold opined that sexual sadism is also a mental abnormality that affected Black's emotional and volitional control.[33] And he testified that it also caused Black serious difficulty in controlling his sexually violent behavior.[34]

In sum, through the testimony of Dr. Arnold, the State presented sufficient evidence to establish both alternative means for the jury to convict.

Black argues that there was no evidence that the personality disorder caused him serious difficulty controlling his sexually dangerous behavior. This is

---

[27] Id. at 441, 442-44.

[28] Id. at 444.

[29] Id. at 382, 436.

[30] Id. at 439.

[31] Id. at 438.

[32] Id.

[33] Id. at 441-44.

[34] Id. at 444.

incorrect. Dr. Arnold expressly testified that Black's personality disorder "in and of itself" caused him serious difficulty controlling his behavior, due to the fact that Black lacks concern for others and enjoys exploiting others.[35]

Black relies on State of New York v. Donald DD.[36] to argue that "[m]erely committing similar offenses more than once does not show the offender is unable to control predatory sexual conduct due to a personality disorder."[37] There, the court held that a diagnosis of antisocial personality disorder and evidence of sexual crimes, alone, is an insufficient basis for commitment.[38] It did so because such a diagnosis does "not distinguish the sex offender whose mental abnormality subjects him to civil commitment from the typical recidivist convicted in an ordinary criminal case."[39]

In contrast, there was more than just evidence of Black's personality disorder and evidence of sexual crimes in this case. Specifically, Dr. Arnold testified that there was a "direct link" between Black's personality disorder and sexual reoffending, and he explained how the disorder affected Black's ability to control his sexually dangerous behavior.[40] In short, Donald DD. is distinguishable.

---

[35] Report of Proceedings Vol. 5 (Oct. 28, 2013) at 445.

[36] 24 N.Y.3d 174, 21 N.E.3d 239, 996 N.Y.S.2d 610 (2014).

[37] Appellant's Opening Brief at 44.

[38] Donald DD, 24 N.Y.3d at 190.

[39] Id.

[40] Report of Proceedings Vol. 5 (Oct. 28, 2013) at 427.

Black next argues that his actions toward teenage girls did not constitute a mental abnormality over which he lacked volitional control. He argues that "[w]hile he took advantage of teenagers who trusted him, he exhibited control over these behaviors."[41] But Dr. Arnold testified to the contrary. He testified that the mental abnormalities affected Black's volitional control "in that [Black is] unable to sort of appreciate the harmfulness of his actions and to keep himself from doing the very same thing."[42]

This argument is wholly unpersuasive. It presumes that we reweigh evidence on appeal. We do not. There was sufficient evidence to sustain on appeal the jury's verdict as the finder of fact at trial.

Finally, Black argues that Dr. Arnold could not explain how the sexual sadism disorder caused him serious difficulty controlling his sexually sadistic behavior. But as just stated, Dr. Arnold testified that Black's mental abnormalities, which included sexual sadism, affected his volitional control by preventing him from appreciating the harmfulness of his actions and keeping himself from doing the very same thing.

In sum, Black's arguments are not persuasive. There was sufficient evidence to support the jury's verdict. And there is simply no unanimity problem.

---

[41] Appellant's Opening Brief at 41.

[42] Report of Proceedings Vol. 5 (Oct. 28, 2013) at 443.

## EVIDENTIARY RULINGS

Black finally argues that the trial court improperly admitted expert opinion testimony that he suffers from paraphilia NOS. He also contends that the trial court deprived him of his ability to challenge this diagnosis when it excluded evidence of "hebephilia." We hold that any evidentiary error in this respect was harmless.

We need not address Black's arguments based on the claimed failure to satisfy the Frye standard.[43] Even had the evidence failed to meet that standard, Black must also show its admission resulted in prejudice.[44] An error is prejudicial if "'within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected.'"[45] When the trial court improperly admits evidence, but the jury can review alternative evidence establishing the same element, the improper admission is likely harmless.[46]

Here, the admission of the paraphilia NOS diagnosis was harmless. That is because this was not the only diagnosis ascribed by Dr. Arnold. As we already discussed in this opinion, Dr. Arnold also diagnosed Black with sexual sadism and a personality disorder. There was sufficient evidence to support each of these diagnoses. Further, Dr. Arnold testified that any of these diagnoses in and of itself was sufficient to cause Black serious difficulty in controlling his behavior.

---

[43] In re Det. of Thorell, 149 Wn.2d 724, 72 P.3d 708 (2003).

[44] In re Det. of West, 171 Wn.2d 383, 410, 256 P.3d 302 (2011).

[45] Id. (quoting State v. Neal, 144 Wn.2d 600, 611, 30 P.3d 1255 (2001)).

[46] Id. at 410-11.

In short, given this evidence, there is not a reasonable probability that the outcome of the trial would have been different because of the admission of the challenged evidence.

The admission of the evidence was harmless, given the evidence that Black suffered from sexual sadism and a personality disorder, each of which was sufficient to cause Black serious difficulty in controlling his behavior.

We affirm the order of commitment.

_Cox, J._

WE CONCUR:

_Trickey, J_

_Verellen_