MADSEN, J. (dissenting)
¶ 32 Relying on the fact that "paraphilia not otherwise specified (NOS)" is generally an accepted diagnosis within the psychological community, the majority holds that the trial court properly admitted the State's expert testimony on "paraphilia NOS, persistent sexual interest in pubescent aged females." Majority at 884-85, 886-87. The problem, however, is that despite the paraphilia NOS label, the specifically identified condition substantially mirrors a diagnosis identified under another name-hebephilia-that is controversial within the same scientific community. Further, by admitting the State's expert's testimonial evidence-regarding paraphilia NOS, persistent sexual interest in pubescent aged females-but excluding Mark Black's expert's testimonial evidence-regarding hebephilia and the controversy surrounding such diagnosis-the trial court, in my view, improperly excluded rebuttal evidence crucial to Black's defense. For these reasons, as explained below, I dissent.
¶ 33 This civil commitment case concerns the interplay of issues including (1) whether the trial court's admission of certain expert testimony on mental abnormality was proper under Frye[1] and, if not, (2) whether the error was harmless, and (3) disregarding the improper testimony, whether the remaining evidence was sufficient to sustain the jury verdict finding mental abnormality in light of the "alternative means" mental disorders asserted at trial.
Relevant Facts
¶ 34 Shortly before Black was released from incarceration on child molestation convictions, the State filed a petition seeking to commit him as a sexually violent predator. The matter proceeded to a jury trial in 2013.
¶ 35 Dr. Dale Arnold, the State's expert, diagnosed Black with three mental disorders: (1) sexual sadism, (2) paraphilia not otherwise specified (NOS), persistent sexual interest in pubescent aged females, nonexclusive, and (3) personality disorder NOS with antisocial and narcissistic characteristics. Black moved pretrial to exclude Dr. Arnold's diagnosis of paraphilia NOS under Frye, ER 702, ER 703, and ER 403, contending that the diagnosis was the same as (or subsumed under) a diagnosis for hebephilia (i.e., persistent sexual attraction to pubescent children), a disorder Black argued should be excluded because it was not generally accepted in the scientific community. The State moved to strike the Frye hearing, contending that there was nothing novel in Dr. Arnold's diagnosis.
¶ 36 At the hearing on the motions, Black's expert testified about the controversy and professional criticism surrounding the hebephilia diagnosis. Dr. Arnold did not testify. The trial court granted Black's motion to exclude hebephilia evidence but denied his motion as to Dr. Arnold's diagnosis, thereby foreclosing Black from presenting testimony critical of hebephilia to undermine Dr. Arnold's diagnosis.
¶ 37 The jury ultimately found Black met the definition of a sexually violent predator, and the trial court civilly committed him. Following an initial appeal and remand to Division One, the Court of Appeals held that the evidence was sufficient to support the commitment order and that the trial court *888 did not commit reversible evidentiary error.[2] Black sought and was granted this court's review.
Admissibility of Expert Testimony and Harmless Error
¶ 38 Black challenges the trial court's determination that Dr. Arnold's diagnosis of paraphilia NOS involving persistent sexual interest in pubescent females satisfies the Frye standard for admissibility of novel scientific evidence. Black contends that Arnold's diagnosis is merely a subcategory of hebephilia, a controversial diagnosis that was rejected for inclusion in the current edition of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (5th ed. 2013) (DSM-V). See In re Pers. Restraint of Meirhofer, 182 Wash.2d 632, 657-58, 343 P.3d 731 (2015) (Wiggins, J., dissenting) (so noting). Hebephilia is a sexual "attraction to pubescent children." Id. at 658, 343 P.3d 731. Dr. Arnold diagnosed Black with persistent sexual interest in pubescent aged females, a population that falls within the hebephilia target group. As noted, the trial court granted Black's motion to exclude evidence of hebephilia, but permitted Dr. Arnold to testify regarding his diagnosis of paraphilia NOS.
¶ 39 But Dr. Arnold conceded that his diagnosis was premised on the same science underlying hebephilia, see Clerk's Papers (CP) at 841-42, and he created the paraphilia NOS with the specific designation to describe Black's mental status because hebephilia is not a recognized diagnosis.[3] Given Dr. Arnold's concession and other expert testimony at the Frye hearing noting the hebephilia designation and validity controversy, in my view, the trial court erred in allowing Dr. Arnold's paraphilia NOS testimony, which Arnold admits is the same diagnosis as hebephilia, just under a different label. " 'Evidentiary error is grounds for reversal only if it results in prejudice. ... An error is prejudicial if, within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected.' " In re Det. of West, 171 Wash.2d 383, 410, 256 P.3d 302 (2011) (alteration in original) (internal quotation marks omitted) (quoting *889 State v . Neal, 144 Wash.2d 600, 611, 30 P.3d 1255 (2001) ). Here, the jury deliberated for four days and at one point informed the trial court that it was having difficulty reaching a verdict. CP at 1407. Under these circumstances, had the evidentiary error not occurred, "within reasonable probabilities" the outcome of the trial would have been different. See id.
Alternative Means
¶ 40 Assuming that the trial court erred in admitting Dr. Arnold's paraphilia NOS testimony, and thus disregarding that testimony, the sufficiency of the evidence to sustain the jury's verdict becomes doubtful in light of the instructions. To commit Black as a sexually violent predator, the State had to prove beyond a reasonable doubt, among other things, that he suffered from a "mental abnormality or personality disorder" that made him likely to commit future acts of predatory sexual violence if not confined in a secure institution. RCW 71.09.020(18), .060(1). As noted, Dr. Arnold testified that Black suffered from three mental disorders: (1) sexual sadism, (2) paraphilia not otherwise specified (NOS), persistent sexual interest in pubescent aged females, nonexclusive, and (3) personality disorder NOS with antisocial and narcissistic characteristics. The paraphilia NOS and sadism diagnoses were vigorously contested at trial. Black's expert testified and explained why Black's conduct was rough sex, but did not qualify as sadistic, and further testified that adult males' sexual attraction to pubescent females is not deviant.
¶ 41 Whether evidence is sufficient to support civil commitment as a sexually violent predator is reviewed under the criminal law sufficiency standard. In re Det. of Thorell, 149 Wash.2d 724, 744-45, 72 P.3d 708 (2003) ("when viewed in the light most favorable to the State, there must be sufficient evidence in the finding of mental illness to allow a rational trier of fact to conclude the person facing commitment has serious difficulty controlling behavior"). While credibility determinations are not reviewable on appeal, as noted, to commit an individual as a sexually violent predator, the State must prove that the individual "suffers from a mental abnormality or personality disorder" that makes the individual likely to commit future acts of predatory sexual violence if not confined in a secure institution. RCW 71.09.020(18), .060(1).
¶ 42 That brings us to State v. Woodlyn, 188 Wash.2d 157, 392 P.3d 1062 (2017). In my view, the majority's result is at odds with Woodlyn, concerning the alternative mental disorders that were asserted, the way that the jury was instructed, and the general verdict that the jury reached. In Woodlyn, we held, "Our precedent addressing alternative means crimes requires unanimity as to means only when a general verdict raises due process concerns, i.e., when one or more alternatives presented to the jury are not supported by sufficient evidence. " Id. at 162, 392 P.3d 1062 (emphasis added). Relevant here, this court opined, "When one alternative means of committing a crime has evidentiary support and another does not, courts may not assume the jury relied unanimously on the supported means." Id. Explaining what is required, we opined:
[T]here are particular situations when express unanimity is required, specifically when at least one means lacks sufficient evidentiary support. Washington cases have adopted an analysis that turns on the sufficiency of evidence as a due process concern: if the jury is instructed on one or more alternative means that are not supported by sufficient evidence, a "particularized expression" of jury unanimity as to the supported means is required. The purpose of this requirement is to ensure that when a verdict might be based on more than one alternative, the verdict is adequately supported.
Id. at 164, 392 P.3d 1062 (citations omitted) (quoting State v. Owens, 180 Wash.2d 90, 95, 323 P.3d 1030 (2014) ). Explaining the appropriate remedy, we opined:
A general verdict satisfies due process only so long as each alternative means is supported by sufficient evidence. If there *890 is insufficient evidence to support any of the means, a "particularized expression" of jury unanimity is required. Thus, a reviewing court is compelled to reverse a general verdict unless it can rule out the possibility the jury relied on a charge unsupported by sufficient evidence.
Id. at 165, 392 P.3d 1062 (citations and emphasis omitted) (quoting Owens, 180 Wash.2d at 95, 323 P.3d 1030 ; State v. Wright, 165 Wash.2d 783, 803 n.12, 203 P.3d 1027 (2009) ).
Applying Woodlyn here, instruction 5 stated in relevant part:
To establish that Mr. Black is a sexually violent predator, the State must prove each of the following elements beyond a reasonable doubt:
(1) That Mr. Black has been convicted of a crime of sexual violence;
(2) That Mr. Black suffers from a mental abnormality or personality disorder which causes serious difficulty in controlling his sexually violent behavior; and
(3) That this mental abnormality or personality disorder makes Mr. Black likely to engage in predatory acts of sexual violence unless confined to a secure facility.
....
Although you must be unanimous in your verdict, mental abnormality and personality disorder are alternative means to providing element two. The jury need not be unanimous as to whether a mental abnormality or personality disorder has been proven beyond a reasonable doubt so long as each juror finds that at least one of these alternative means has been proved beyond a reasonable doubt.
CP at 1385 (emphasis added). The jury delivered a general verdict answering the following two questions affirmatively: (1) "Has the State proven beyond a reasonable doubt that Mr. Black suffers from a mental abnormality and/or a personality disorder that causes serious difficulty in controlling sexually violent behavior?" and (2) "If you answered 'yes' to Question No. 1, has the State proven beyond a reasonable doubt that the mental abnormality and/or personality disorder makes Mr. Black likely to engage in predatory acts of sexual violence if not confined to a secure facility?" Id. at 1411.
¶ 43 Here, as discussed above, in my view, the trial court erred in admitting Dr. Arnold's paraphilia NOS testimony, which Dr. Arnold admitted was "the same" diagnosis as hebephilia. CP at 831. Given the presence of such error, and in light of the above instruction and general verdict, under Woodlyn, "a 'particularized expression' of jury unanimity as to the supported means is required," and without it reversal of the general verdict is compelled. Woodlyn, 188 Wash.2d at 164-65, 392 P.3d 1062 (quoting Owens, 180 Wash.2d at 95, 323 P.3d 1030 ). Woodlyn 's requirements are not met in this case.
Rebuttal Evidence
¶ 44 As discussed above, admission of Dr. Arnold's testimony regarding his diagnosis of paraphilia NOS was improper. But having admitted that testimony, the trial court compounded the error by barring rebuttal evidence of hebephilia and the controversy surrounding it. In so ruling, the trial court severely limited Black's ability to fairly refute the State's evidence.[4] In my view, this circumstance is analogous to a criminal defendant's Sixth Amendment right to present relevant evidence in his defense and such relevant evidence may be excluded only if the State shows it is so prejudicial as to disrupt the fairness of the fact-finding process. See State v. Jones, 168 Wash.2d 713, 720, 230 P.3d 576 (2010). If the evidence is *891 of "extremely high" probative value-for example if it is essentially a defendant's entire defense-no State interest will be compelling enough to warrant its exclusion. Id. at 721-24, 230 P.3d 576 (accused rapist's right to defense trumped application of rape shield statute, which would have required exclusion of evidence that alleged victim took money for sex with defendant and others concerning the incident in question). Here, testimonial evidence of the controversy concerning hebephilia was highly probative and crucial to Black's defense as it would have directly undermined Dr. Arnold's paraphilia NOS diagnosis describing an equivalent condition under a different name. I acknowledge that Black sought exclusion of hebephilia evidence. But he did so in the context of seeking the exclusion of Dr. Arnold's testimony, which diagnosed Black with the equivalent of hebephilia. The trial court's ruling, which permitted Dr. Arnold's testimony and barred evidence of hebephilia, in my view was error. See id. at 719, 230 P.3d 576 (de novo review applies to a claim that the trial court has violated the defendant's right to present a defense).[5]
¶ 45 As noted, the trial court's evidentiary error was not harmless. "Error is harmless 'if we are convinced beyond a reasonable doubt that any reasonable jury would have reached the same result without the error.' " Id. at 724, 230 P.3d 576 (quoting State v. Smith, 148 Wash.2d 122, 139, 59 P.3d 74 (2002) ). As discussed above, within reasonable probabilities the trial court's evidentiary error-admission of Dr. Arnold's paraphilia NOA testimony-affected the outcome of the civil commitment hearing. The same is true here, the trial court's ruling prevented Black from presenting crucial rebuttal evidence. This error was not harmless, and reversal and remand for a new civil commitment hearing is warranted. See id. at 724-25, 230 P.3d 576.
¶ 46 For the reasons discussed, I dissent.
Wiggins, J.
Gordon McCloud, J.
Stephens, J.

Frye v. United States, 54 App.D.C. 46, 293 F. 1013 (1923).

In the prior appeal of this case immediately following the commitment decision, Division One reversed, holding that the trial court violated Black's right to be present during jury selection. In re Det. of Black, 189 Wash.App. 641, 357 P.3d 91 (2015). In light of its retrial decision, Division One did not decide Black's contentions concerning the admissibility of Dr. Arnold's paraphilia diagnosis and sufficiency of the evidence to justify commitment. Id. at 658-59, 357 P.3d 91. This court granted the State's petition for review, reversed, and remanded to the Court of Appeals for further proceedings. In re Det. of Black, 187 Wash.2d 148, 385 P.3d 765 (2016).
On remand, the Court of Appeals reasoned that it need not determine whether Dr. Arnold's paraphilia diagnosis satisfied Frye because any trial court admissibility error was harmless because evidence supported the additional diagnoses of sexual sadism and personality disorder, both of which satisfy the statutory definition of a sexually violent predator. See RCW 71.09.020(18). For the reasons discussed herein, I disagree.

Dr. Arnold was asked at deposition, "[H]ow is Paraphilia NOS, Persistent sexual interest in pubescent females, Nonexclusive, different from hebephilia?" CP at 829. He answered as follows:
[S]o there's eight paraphilias that are listed in the DSM, and that's always been that way since the DSM-III. And when you diagnose somebody and they have a paraphilia that's not included in the DSM, then the instruction is to diagnose Paraphilia Not Otherwise Specified, followed by a description of what it is you think that person is aroused to.
And so that's what I did in this case is I diagnosed Paraphilia NOS, and then I described what it was that I thought was paraphilic for Mr. Black.
In terms of hebephilia, that's a term that's been used in research and in the proposed diagnosis in the DSM-V. But it basically describes somebody who's attracted to somebody who has pubescent features.
So I would say the underlying concept is the same. How one refers to it is different because hebephilia is not listed in the DSM, so it wouldn't be appropriate to say the guy is a hebephile, because that's not actually a diagnosis. I would just say the guy has Paraphilia NOS and his paraphilia is being sexually attracted to pubescent-aged females.
Id. at 829-30 (emphasis added). When pressed as to any differences between his diagnosis and hebephilia, he replied, "The underlying attraction is the same" and "it's basically the same construct." Id. at 831. Again, when asked, "Is the research term 'hebephilia' equivalent to your diagnosis?" Dr. Arnold responded, "It's a term that researchers often use. The underlying construct is the same." Id. at 842-43.

The majority rejects Black's claim that the trial court unfairly restricted his ability to challenge the paraphilia NOS diagnosis by preventing him from introducing evidence regarding hebephilia. In the majority's view, Black had ample opportunity to cross-examine Dr. Arnold and present his own expert testimony. See majority at 886. But Black's expert was limited by the exclusion of hebephilia evidence and thus could not inform the jury of the controversy surrounding a hebephilia diagnosis as a disorder. As a result of the trial court's evidentiary rulings, Black's expert was hamstrung and ineffective.

Under these circumstances, the hebephilia controversy rebuttal evidence was clearly relevant and would have been helpful to the jury as it concerned specialized knowledge. No more is required for admissibility under ER 702. Anderson v. Akzo Nobel Coatings, Inc., 172 Wash.2d 593, 600, 260 P.3d 857 (2011).