# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54210-2-II |
| Respondent, | |
| v. | |
| JOHN HAROLD HANN, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — A jury convicted John Hann of arson in the first degree. On appeal, Hann argues that the trial court violated his right to counsel by not providing him an opportunity to object under CrR 6.15(c) to the court's introduction to the jury. He also argues that there was insufficient evidence to show Hann set fire "in any building" as required by RCW 9A.48.020. We conclude that the court's introduction to the jury is not subject to CrR 6.15(c), and that the record contains sufficient evidence to support Hann's conviction. Accordingly, we affirm his conviction.

## FACTS

The State charged Hann with arson in the first degree after he set fire to an apartment building. The police identified Hann after a security camera captured him at the scene of the fire setting off an incendiary device in an interior hallway, which charred a wall. Hann admitted to setting off a firework in a linseed oil can using hand sanitizer as an accelerant.

Before jury selection began, the court provided an introduction to the jury venire by reading the advance oral instruction from 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 1.01, at 8-15 (4th ed. 2016) (WPIC). The court read aloud bracketed optional material

from WPIC 1.01 stating that "If, after such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt." Report of Proceedings (RP) at 71. Hann objected after the court finished, arguing that he thought the "abiding belief" material was the court instructing the jury on the law. RP at 73-74. The court stated that it was not instructing the jury and was merely informing it of the charges.

The jury convicted Hann of arson in the first degree. Hann appeals.

## ANALYSIS

I.    OBJECTION TO WPIC 1.01

Hann argues that because he was not provided with an opportunity to object to the court's advance oral instruction prior to the trial court giving it, the trial court violated CrR 6.15 and thereby violated his right to effective assistance of counsel.

A.    Legal Principles

The Washington Pattern Jury Instructions were created by the Washington Supreme Court Committee on Jury Instructions. The instructions are intended to "guide trial courts in drafting appropriate instructions for individual cases." 11 WPIC 0.10, at 4. Each instruction includes a "Notes on Use" section that informs users of the applicability of specific instructions. *Id*. Instructions also include bracketed language that is circumstantially applicable to individual cases. *Id*. (e.g. some instructions bracket personal pronouns).

Chapter 1.01 WPIC advance oral instruction provides the court with an introductory script to be read before jury selection begins. The instruction is not a written instruction on the law provided by the parties. *Id*. The instruction includes bracketed text stating, "If, from such

consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt." *Id.*[1]

By contrast, under CrR 6.15 proposed jury instructions are served by the parties. CrR 6.15(a) states in relevant part:

> **(a) Proposed Instructions.** Proposed jury instructions shall be served and filed when a case is called for trial by serving one copy upon counsel for each party, by filing one copy with the clerk, and by delivering the original and one additional copy for each party to the trial judge.

Upon receiving a proposed instruction, a party may object before the court reads the instruction to the jury. CrR 6.15(c). CrR 6.15(c) states:

> **(c) Objection to Instructions.** Before instructing the jury, the court shall supply counsel with copies of the proposed numbered instructions, verdict and special finding forms. The court shall afford to counsel an opportunity in the absence of the jury to object to the giving of any instructions and the refusal to give a requested instruction or submission of a verdict or special finding form. The party objecting shall state the reasons for the objection, specifying the number, paragraph, and particular part of the instruction to be given or refused. The court shall provide counsel for each party with a copy of the instructions in their final form.

Case law analyzing the applicability of CrR 6.15(c) address instructions of law proposed by the parties, not the introductory script read by the court. *See* e.g. *State v. Mendes*, 180 Wn.2d 188, 193, 322 P.3d 791 (2014) (evaluating when courts must decide if the defense is entitled to a self-defense instruction). No case law applying CrR 6.15(c) addresses such introductory scripts.

A party seeking a new trial due to a violation of a court rule must show prejudice. *State v. Templeton*, 148 Wn.2d 193, 220, 59 P.3d 632 (2002). Such violation must have, "'within

---

[1] The discerning reader will recognize this language as deriving from the well-established definition of reasonable doubt. *See State v. Boyd*, 1 Wn. App. 2d 501, 521-22, 408 P.3d 362 (2017).

reasonable probabilities,'" materially affected the outcome of the case. *Id*. (quotation marks omitted) (quoting *State v. Neal*, 144 Wn.2d 600, 611, 30 P.3d 1255 (2001)).

B.    Analysis

We conclude that CrR 6.15 does not apply to the court's introductory script contained in WPIC 1.01 because the script is not a jury instruction. The first sentence of CrR 6.15(c) states that it applies to the proposed jury instructions. The next sentence allows a party to object to such instructions. However, CrR 6.15 contains no language indicating that a party is entitled to object to the court's reading of the advance oral instruction contained in WPIC 1.01. Likewise, Hann provides no authority for this proposition.

Hann argues that because he was not provided with the opportunity to object to the court's advance oral instruction, the court violated CrR 6.15 and thereby violated his constitutional right to effective assistance of counsel. However, as we note above, the advance oral instruction is not governed by CrR 6.15. Moreover, Hann cites to authority unambiguously holding that violations of court rules are *not* constitutional in nature. Hann also fails to demonstrate how his inability to object to the trial court's advance oral instruction prior to the court reading it to the jury rendered his counsel ineffective. He argues effective counsel must object to preserve an issue for appeal, but the record shows Hann *did* object and therefore did preserve the issue. Therefore, under Hann's own argument, his counsel did not perform deficiently in this instance.

The trial court did not violate CrR 6.15, and therefore Hann was not deprived of effective assistance of counsel.

II.   SUFFICIENCY OF EVIDENCE

A.   Legal Principles

"The sufficiency of the evidence is a question of constitutional law that we review de novo." *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). "The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). "When the sufficiency of the evidence is challenged in a criminal case, all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id*.

A defendant commits arson in the first degree if he "[c]auses a fire or explosion in any building in which there shall be at the time a human being who is not a participant in the crime." RCW 9A.48.020(c).

B.   Analysis

Hann argues that the State failed to prove he set fire to the interior of a building, arguing any fire was set to the outside of the building. We disagree.

The testimony at trial established that Hann set fire to an interior hallway. Hann fails to show how the record supports his claim that the hallway was outside. The trial testimony stating the hallway was an interior hallway satisfies the plain meaning of RCW 9A.48.020(c), which provides that a person commits arson in the first degree if they cause a fire in any building. We must draw all reasonable inferences in the State's favor. *Salinas*, 119 Wn.2d at 201. Because the only testimony about the location of the fire describes it as an interior hallway, a rational trier of

fact could have found Hann guilty of setting fire "in any building" beyond a reasonable doubt per RCW 9A.48.020(c). For that reason, we conclude there was sufficient evidence to convict Hann of arson in the first degree.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, P.J.

Cruser, J.